ROBERT SANDS, appellant v. THOMAS DELAP, appellee.

*Appeal from Schuyler.*

A justice of the peace has no jurisdiction of a demand exceeding one hundred dollars but reduced below that sum by unfair or feigned credits.

Nor has a justice of the peace under the statute of 1827, jurisdiction in any case where he would necessarily have to investigate an account exceeding one hundred dollars.

THIS cause was tried at the June term, 1834, of the Schuyler Circuit Court, before the Hon. Richard M. Young, and a judgment was rendered for the appellee for $80,19, from which an appeal was taken to this Court.

S. BREESE, for the appellant.

T. FORD, for the appellee.

SMITH, Justice, delivered the opinion of the Court :(1)

Delap brought a suit before a justice of the peace, on an account comprising various items of labor performed on the lands of Sands, which Delap had occupied without the consent of Sands. The labor had been rendered without the request of Sands, and when he resided in another State. Delap on his account made a credit of $50, in the words of the account " by way of rent on said improved land." On the trial before the justice of the peace, Sands moved to dismiss the suit, because the justice had not jurisdiction thereof, the account being over $100, and not reduced by fair credits. A motion to nonsuit the plaintiff in the Circuit Court, was also made, but overruled. It is unnecessary to consider any other point raised in the cause, than the one of jurisdiction.

The case comes directly within the principles and reasons of the decisions in the cases of Clark v. Cornelius,(2) Ellis v. Snyder,(3) and Blue v. Wier and Vanlandingham.(4) This Court decided in the last case, in accordance with the decision in other enumerated cases, that the statute of 1827, giving jurisdiction to the justices of the peace in civil cases, did not authorize a justice to entertain jurisdiction where the account was open and unsettled, and the whole amount of the account of either party exceeded $100.(5) This is precisely the case here;—the appellee claims $130,19, and gives a credit of $50, for rent supposed due

(1) WILSON, Chief Justice, did not sit in this cause.
(2) Breese 21.   (3) Breese 263.   (4) Breese 293.   (5) See the case of Hugunin v. Nicholson, decided December term, 1839, *Post*, where it is held that under the act of March 2, 1833, a justice of the peace has jurisdiction in cases where the original indebtedness exceeds one hundred dollars but has been reduced below that sum by fair credits. See also note to Simpson v. Rawlings. *Ante* 29.

for lands, which, from the case, it must be evident, he had never occupied with the assent of the appellant.

The relation of landlord and tenant no where appears by the evidence in the cause, but the fair inference is that he was an intruder on the lands. But the credits as in the case last referred to, were made by the party himself, when in truth he paid nothing to Sands, for the purpose of merely gaining, as he supposed, a jurisdiction for the magistrate. It is evident it was not a *bona fide* credit. There could have been no ascertaining of a balance between the parties as contemplated by the statute. To ascertain this balance, the justice had necessarily to investigate an account much exceeding $100, and consequently therein greatly exceed his jurisdiction by assuming it.

The judgment of the Court below is reversed for want of jurisdiction.

*Judgment reversed.*