## Wheeling.

MANN *et al. v.* BRYANT *et al.*

Decided March 30, 1878.

1878.
Special Term.

1. A verdict on a writ of unlawful detainer in these words : "We the jury find that the defendants are unlawfully in possession and withhold from the plaintiffs the premises in the summons mentioned," is not so defective that the court may not properly enter up a judgment thereon.

2. When a motion is made to set aside a verdict on the ground that it is against the evidence and the motion is refused, the record must show, either expressly or by necessary implication, that it contains all the facts proven or evidence given to the jury at the trial or such judgment will not be reviewed.

*Supersedeas,* granted upon the petition of Lafayette Bryant and Joseph W. Stevens, to a judgment of the circuit court of Greenbrier county, entered on the 15th day of June, 1876, in an action of unlawful detainer in which William T. Mann and others were plaintiffs, and said Byrant and Stevens were defendants.

The Hon. Homer A. Holt, Judge of the eighth judicial circuit rendered the judgment complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

This was an action of unlawful detainer, instituted in the circuit court of Greenbrier, by Wm. T. Mann and Sallie Hunter, J. Copeland Hunter, Bettie and Henry

1876.
Special Term.

Mann *et al.*
v.
Bryant *et al.*

Hunter against Lafayette Bryant and Joseph W. Stevens, to recover the possession of certain premises in Blue Sulpher District, in said county, consisting of two houses or cabins, in one of which said Bryant lived, and an improvement of from six to ten acres of land around and adjacent to said cabins; the locality of the same being described in the summons. On June 13, 1876, the defendant pleaded not guilty, and issue was joined; and the jury sworn to try the issue, found a verdict in these words: "We the jury, find that the defendants are unlawfully in possession and withhold from the plaintiffs the premises in the summons mentioned." And therefore the defendants moved the court to set aside the verdict and grant a new trial; which motion the court overruled and the defendants excepted thereto. And the court then rendered a judgment on the verdict, "that the plaintiffs recover from the defendants the premises in the summons and verdict mentioned; and that they have leave to sue out of the clerk's office of this court a writ *habere facias possessionem* to place them in possession of the premises aforesaid; and that the plaintiffs recover their costs about this suit in this behalf expended." Which judgment has been brought before this court for review by writ of error. The said bill of exceptions set forth that upon the trial of the case the plaintiffs gave in evidence a certain deed from J. I. Schermerhorn and Eliza L. Schermerhorn to John A. Hunter and Wm. T. Mann, and proved that the land conveyed by said deed embraced the land in controversy, and certain facts not necessary to be here specified; and they also proved that Lafayette Bryant took possession of the land in controversy about two years before; and that he was still in possession, and it is then added in said bill of exceptions: "Here the plaintiffs close." The defendants proved certain facts relative to the possession of the land in controversy not necessary to be here specified; and the bill of exceptions then proceeds: "The defendants also proved that the defendant, Bryant was the tenant of the defendant, Stevens. There was no

evidence that John A. Hunter was dead, or that any of the Hunters, plaintiffs, were his children or heirs-at-law. After the jury had returned their verdict, the defendants, by their counsel, moved the court to set aside the verdict and grant a new trial, which motion the court overruled, and the defendants excepted, and this their bill of exceptions is signed, sealed and enrolled and made part of the record in this cause." The bill of exceptions does not certify that the evidence set forth in it is all the evidence submitted to the jury, nor is this shown in any manner by the record, unless it can be inferred from the portion of the bill of exceptions as above set out.

*Samuel Price*, for plaintiffs in error.

*A. C. Snyder*, for defendants in error :

An inspection of the bill of exceptions will show that it neither gives the *the facts proved, nor all the evidence* heard by the jury. The case comes to this court upon a *a single exception*, and that is to the action of the court in refusing to set aside the verdict and grant a new trial. This exception can be based upon only two grounds—either errors of law, or errors of fact—and these alone. As there was no exception to any ruling of the court for errors of law, the exception must therefore, be based upon errors of fact. If the plaintiffs in error then can sustain their said exception they must satisfy this court that the verdict was contrary to the facts proved. The presumption of law is, that the action of the trial court was sustained by the evidence ; and the Appellate Court will not reverse unless the plaintiffs in error show *affirmatively* by the record that an error has been committed to their prejudice. *Johnson* v. *Jennings*, 10 Gratt. 1 ; *Fitzhugh* v. *Fitzhugh*, 11 Gratt. 300 ; *Carlton & Co.* v. *Mays & Co.*, 8 W. Va. 245.

When the bill of exceptions does not show that it contains *all the facts or all the evidence* heard on the trial,

it can not affirmatively appear that there was not evidence on the trial to sustain the verdict, and the Appellate Court will not *imply or presume* there was not such evidence and reverse the judgment. The presumptions are all in favor of the judgment. *The Bank of the Valley* v. *The Bank of Berkeley*, 3 W. Va. 386.; *Jackson* v. *Henderson*, 3 Leigh 196.; *Callaghan* v. *Kippers*, 7 Leigh 608 ; *Taliaferro* v. *Franklin*, 1 Gratt. 332 ; *Washington &c.*, v. *Hobson*, 15 Gratt. 122 ; *Shewsburg* v. *Miller*, 10 W. Va.

The foregoing authorities, we conceive fully dispose of this appeal ; but a sense of respect for the eminent and venerable counsel, who appeared for defendants in the circuit court, and who is now conducting this appeal for the plaintiffs in error demands some notice of the errors assigned in the petition.

1st. It is claimed that "the verdict did not justify the judgment."

The form prescribed by the statute for the verdict and judgment in such cases is, that "the verdict shall be for the plaintiff for the said premises," &c., and, "in such cases judgment shall be for the plaintiff." Code, ch. 89, §3 p. 517. In what substantial respect the verdict in this case differs from the statute, or in what the judgment differs from the verdict we are unable to discover. There are certainly no material defects in either. *McMurray* v. *O'Neal*, 1 Call 216 ; *Paul* v. *Smiley*, 4 Munf. 468.

2d. It is assigned for error that there "was nothing proved to show any right in the plaintiffs." It is shown that the land was conveyed *jointly* to Mann and Hunter, by deed dated in October, 1852; that soon thereafter the "grantees" in said deed put one John Bryant in possession of said land ; that he cultivated and lived on it as their tenant the balance of his life, and his widow is is still on it. Here is an uninterrupted occupation and possession by Mann and Hunter, under at least a color of title, for more than twenty years. *Chicago* v. *McGraw*, 75 Ill. 566. It was no interruption of said

possession that in 1871, Mrs. Bryant took a lease from the defendant, Stevens. A tenant cannot assume to hold adversely to his landlord, without first surrendering the possession, or at least without a disclaimer of the tenancy and actual notice of such disclaimer to the landlord. *Emerick* v. *Taverner,* 9 Gratt. 220 ; *Creigh* v. *Henderson,* 10 Gratt. 231 ; *Alderson* v. *Miller,* 15 Gratt. 279 ; *Brown* v. *Keller,* 32 Ill. 151.

There was no proof that either Mann or Hunter had any notice that Mrs. Bryant had taken a lease from Stevens, or that she had ever disclaimed to hold under their title or had surrendered the possession. Then clearly Mann, one of the joint-owners, showed title and a right to the possession of said land; and as such he was entitled to recover the whole land in this action, whether the other plaintiffs proved any title or not. One joint-tenant or tenant in common may, in an action of unlawful detainer, recover the *possession of the whole land,* *without joining his co-tenants.* *Allen* v. *Gibson,* 4 Rand. 468 ; *Treat* v. *Reilly,* 35 Cal. 129 ; *King* v. *Bullock,* 9 Dana 41; *Babe* v. *Tyler,* 18 Miss. 440 ; *May* v. *Slade,* 24 Tex. 205.

If therefore, Mann was entitled to recover the possession of the whole premises the defendants were not prejudiced by the joinder of other plaintiffs having no title ; and they cannot complain in this court. But if this court should be of opinion that the judgment should have have been for Mann alone, the correction can be made here and the judgment affirmed.

GREEN, PRESIDENT, delivered the opinion of the Court :

Two objections are urged by the counsel for the plaintiffs in error to the proceedings of the circuit court in this case. The first is the entering up of any judgment on the verdict in this case, it being insisted that it is so defective that no judgment could properly be rendered upon it. The

Revised Code of Virginia of 1819, in an action of unlawful detainer prescribed the form of the summons, which so far as the plaintiffs' complaint is set forth in it, is substantially the same as the summons under our Code. See R. C. of 1819, vol. 1 ch. 115, sec. 6, p. 456; Code of W. Va., chap. 89, sec. 1. On this summons being returned properly executed, by the Code of 1819, without any plea by the defendant a jury was empanelled for the trial of the complaint set out in the summons. See R. C. of 1819, vol. 1, chap. 115, sec. 11, p. 459; but by our Code the defendant pleads to the summons, "not guilty," and upon this issue a jury is empanelled to try whether the defendant unlawfully withholds the premises in controversy. Code of W. Va. ch. 89, sec. 2 p. 517. The oath to be taken by the jury was prescribed by the Revised Code of 1819, and was in these words: "You shall well and truly try whether the defendant, C. D., against the consent of the plaintiff, holds possession of the tenement mentioned in the complaint filed in the cause; whether the said C. D., hath so held possession thereof, against the consent of the plaintiff, for three years next before the exhibition of said complaint; and whether the plaintiff hath the right of possession in the tenement aforesaid; and you shall find a true verdict thereupon according to the evidence, So help you God." See R. C. 1819, vol. 1, chap. 115, sec. 12, p. 458. No form of oath is prescribed by our statute, but it shows clearly, that the oath should be to try the issue joined, or whether the defendant unlawfully withholds the premises in controversy. Code of W. Va. chap. 89 sec. 2, p. 515. The verdict of the jury was also prescribed by the R. C. of 1819, and is in these words:

"We the jury find that the defendant did, (or did not) at the time of the exhibition of the complaint filed in this cause, hold possession of the tenement therein mentioned against the consent of the plaintiff; that the said defendant hath, (or hath not) so held possession thereof against the consent of the plaintiff for three years

next before the exhibition of said complaint; and that the plaintiff hath (or hath not), the right of possession in the tenement aforesaid." See R. C. of 1819, vol. 1, chap. 115, sec. 14, p. 458. Our Code prescribes no form of verdict, but says : "If it appears that the possession was unlawfully detained from the plaintiff, unless it also appear that the defendant has held or detained the possession for three years before the date of the summons, the verdict shall be for the plaintiff for the said premises, or such part thereof as may be found to be so held or detained. When part only of the premises is found for the plaintiff, the verdict should describe the part so found ; in such case judgment should be for the plaintiff. If the verdict be for the defendant as to the whole, judgment shall be for him." Code of W. Va. chap. 89, sec. 3, p. 517. The first question which suggests itself with reference to the verdict to be rendered in such cases under our law is, whether it is necessary that the jury should find in their verdict "that the defendant hath not held against the consent of the plaintiff the possession of the premises in controversy for three years before the date of the summons." Unless this be the fact, the jury, by the express terms of our law, as above quoted, cannot find a verdict for the plaintiff. And the Revised Code of 1819 required that this fact should be expressly found by the verdict. Is it still necessary that it should be so found expressly? Under the act of 1819, no issue was made up, and the oath of the jury expressly required them to find whether this fact was true or not. But under our act, a formal issue is made up, and this issue is "whether the defendant is in the possession, and unlawfully withholds from the plaintiff the premises in question." See Code of W. Va., chap. 89, sec. 1 & 2, p. 517; and if the verdict of the jury responds fully to this issue which they are sworn to try, it cannot be necessary that the verdict should find expressly the non-existence of any other fact. It may be said that though the jury find this issue for the plaintiff, that is, "that the defend-

ant is in possession of the premises named in the summons and unlawfully withholds the same from the plaintiff," still the plaintiff is not entitled to a judgment if the defendant has thus retained possession of the premises for more than three years before the institution of the proceeding. The answer to this is that if he has so retained possession for more than three years, he is not liable to be ousted by this form of proceeding; and therefore when the jury find he unlawfully detains the possession they find he has in this proceeding no right to the detention of the premises either by reason of any original right thereto or by reason of his having held possession thereof without the consent of the plaintiffs for more than three years before the issuing of the summons. That this is the true construction of our law is shown, by chapter 50 of the Code of W. Va. §215, which in a writ of unlawful entry when brought as it may be before a justice, provides, "when the verdict of the jury, or finding of the justice when the case is tried without a jury, be that the defendant unlawfully withholds the premises from the plaintiff, judgment shall be rendered in favor of the plaintiff. Both these acts in our Code have been amended by the acts of 1872-3, chapter 36, page 83 and chapter 226, page 658; but these amendments in no manner affect the above reasoning. But it is said that the verdict in this case fails to find that the defendants unlawfully withhold from the plaintiffs the premises. Its language is, "we the jury find that the defendants are unlawfully in possession and withhold from the plaintiffs the premises in the summons mentioned." The word unlawfully qualifies grammatically the word possession and not the word withhold. But if as the verdict says the defendants *are* unlawfully in possession, then their detention or withholding of the premises must be unlawful. And if they could lawfully withhold the possession from the plaintiffs, then present possession can not possibly be unlawfully against him. So that it seems entirely im-

material whether the word unlawfully is regarded as qualifying the word possession or both it and withhold, for the meaning of the verdict must be exactly the same in either case. I am therefore of opinion that this verdict justified the judgment which the circuit court rendered upon it.

The counsel for the plaintiffs in error further insists that the verdict was contrary to the evidence, and therefore the circuit court ought to have granted a new trial. The record in this case furnishes us with no means of determining whether the verdict was contrary to the evidence or otherwise. There is no certificate by the circuit court of either *all* the facts or *all* the evidence which was before the jury. And in such case, we must presume that the circuit court did not err in overruling the motion for a new trial. *The Bank of the Valley* v. *The Bank of Berkeley*, 3 W. Va. 386.

It is said it may be inferred that all the evidence offered by plaintiff is contained in the bill of exceptions, because after stating certain evidence, the bill of exceptions, says : " Here the plaintiffs close." All that this shows, is that they offered no evidence after proving that Lafayette Bryant took possession of the land in controversy, about two years before, which was the evidence certified as just preceding the words, "here the plaintiffs close," but it does not in the absence of such a statement, show that all the plaintiffs' evidence preceding this has been certified. But even if it did, it would make no difference, as there is nothing from which any inference can be drawn, that all of the defendants' evidence has been certified. After setting forth certain evidence offered by them, the bill of exceptions adds: " There was no evidence offered that John A. Hunter was dead, or that, any of the plaintiffs Hunters, were his children or heirs-at-law." There is no statement that this was all the evidence, and the inference to be drawn from this conclusion is, that it was not all. We are not at liberty to pass a judgment on the propriety or impropriety of the action of the court below in refusing a new

trial, because we think it possible or even probable that all the evidence has been certified. The presumption being always in favor of the judgment of the court below, unless the contrary *affirmatively* appears ; see *Washington* v. *Hobson,* 15 Gratt. 122 ; *Brooke* v. *Young,* 3 Rand. 106; and *Shrewsberry* v. *Miller,* 10 W. Va. 115.

The judgment of the circuit court must be affirmed, and the appellees must recover of the appellants their costs in this Court expended, and $30.00 damages.

The other Judges concurred.

JUDGMENT AFFIRMED.