## LAWSON v. DALTON.

Decided November 26, 1881.

*(PATTON, JUDGE, ABSENT.)

1. A verdict in a writ of unlawful detainer in these words: "We the jury find for the plaintiff the premises in the summons mentioned" is in proper form and the court may enter up judgment thereon   (See *Munn et al.* v. *Bryant et al.*, 12 W. Va. 516.)

---

*Case submitted before Judge Patton came on the bench.

2. If an instruction is based upon an assumption, that the defendant had adverse possession of the land prior to a certain time, and there is no evidence tending to show such an adverse possession, the court can properly refuse to give the instruction, though it might be right as an abstract proposition.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Logan, rendered on the 29th day of September, 1877, in an action of unlawful entry and detainer in said court then pending, wherein Anthony Lawson was plaintiff, and James Dalton was defendant, allowed upon the petition of said Dalton.

Hon. Evermont Ward, judge of the ninth judicial circuit, rendered the judgment complained of.

GREEN, JUDGE, furnishes the following statement of the case :

This is an action of unlawful detainer instituted September 25, 1875, in the circuit court of Logan county, by Anthony Lawson against James Dalton for twenty acres of land in Logan county. The defendant pleaded not guilty, and on September 29, 1877, the jury found this verdict : " We the jury find for the plaintiff the premises in the summons mentioned." The defendant moved to set aside this verdict, but the court overruled the motion and entered up a judgment for the plaintiff in pursuance of the verdict. The defendant took a bill of exceptions to the rulings of the court during the trial and to the action of the court in overruling his motion for a new trial and entering up judgment for the plaintiff on this verdict.

The evidence was all certified ; and it shows, that the plaintiff claimed title under one Obediah Workman, who owned this land and on August 25, 1857, executed a deed of trust on it, conveying it to trustees to secure a debt to the plaintiff, Anthony Lawson. The trustees were James A. Neighbert and Henry P. Clark ; and by the deed either of them was expressly authorized to act. James A. Neighbert, one of these trustees, pursuant to this deed sold this tract of land ; and the plaintiff, Anthony Lawson, became the purchaser ; and it was conveyed to him by the trustee, Neighbert, by deed dated March 26, 1875. At that time and for six or seven

years prior thereto the defendant, James Dalton, was in the possession of the land; and when its possession was demanded of him by Anthony Lawson, the purchaser, he refused to surrender it to him. The rental value of the land was $15.00 a year. The defendant proved by himself, that he claimed this land as his own under purchase from Obediah Workman, from whom he had bought and paid for it; and he had a deed for it. That before this purchase he was the tenant of Obediah Workman. But he did not produce the deed, which he said he had, nor assign any reason, why it was not produced; and the plaintiff objected to this alleged deed being regarded as evidence, and this objection was sustained by the court. He testified also, that this land had been assessed to him, and he had paid the taxes on it for a few years. This was all the evidence. The deeds, under which the plaintiff claimed, were recorded on the same day on which they were dated.

The defendant asked the following instruction of the court:

"If the jury is satisfied from the evidence, that the defendant has had adverse possession of the land claimed by the plaintiff in this suit for eight years before its institution, or for more than three years before its institution, *and that during any portion of that period the plaintiff did not have possession,* then they must find for the defendant."

The court gave the instruction as asked, with the exception of the words, "and that during any portion of that period the plaintiff did not have possession," which the court struck out.

The plaintiff then moved to instruct the jury as follows:

"If the jury believe from the evidence, that the land in controversy has been unlawfully detained from the plaintiff, unless it was unlawfully detained for more than three years before suing out the summons, that they must find for the plaintiff."

To the giving of which instruction the defendant excepted, because it was calculated without explanation to mislead the jury, which objection was overruled, and the instruction was given as above; and thereupon the jury retired, and after considering of their verdict returned into court with their verdict, which was in the following words:

"We, the jury, find for the plaintiff the premises in said summons mentioned."

Whereupon the defendant moved to set aside the verdict aforesaid and award him a new trial, upon the ground that the verdict was contrary to law and not warranted by the evidence, which motion the court overruled and thereupon rendered judgment for the plaintiff. To which several rulings of the court the defendant excepted.

The defendant was granted a writ of error and *supersedeas* to the judgment of the court entered upon the verdict of the jury.

*James M. Laidley,* for plaintiff in error.

No appearance for defendant in error.

GREEN, JUDGE, announced the opinion of the Court:

The first ground of error assigned by the counsel of the plaintiff in error is, that the jury has not found either in form or effect, that at the date of the complaint the defendant unlawfully withheld from the plaintiff the possession of the land, and that he had not so held it for three years before the commencement of the suit; and yet both of these facts must exist, before the plaintiff is entitled to recover. But our statute *now*, while it still requires the existence of the facts to justify a verdict, does not require, that they shall be stated in the verdict, but only that if they are found to exist by the jury, "the verdict shall be for the plaintiff for the premises in the summons mentioned." This is just the verdict, which in this case the jury rendered. It has in effect been decided to be sufficient by this Court in the case of *Munn et al.* v. *Bryant et al.,* 12 W. Va. 516. The reasons for this conclusion are fully stated in that case and need not be repeated.

The next error assigned is, that the court erred in refusing to give the instruction as asked by the defendant and in modifying it by striking out the portion of it in italics. The striking out of this portion did not change the meaning of the instruction; the portion struck out was mere surplusage, which only rendered the instruction obscure. If the defendant was in adverse possession of this land for eight years, as the first part of the instruction alleges, then as a matter of necessity

97

during any portion of that period the plaintiff could not have had possession of the land; for if he had, the defendant's possession of the whole land would not have been adverse to him, they could only have held it in common. The court therefore did not err in striking out this portion of the instruction. It might well have refused to grant the instruction at all, as there was no evidence tending to show, that the defendant ever had any adverse possession of this land as against the parties, under whom the plaintiff claimed, James A. Neighbert, the trustee, or Obediah Workman. The deed-of-trust by Workman to Neighbert, trustee, was recorded on the day it bears date. The contract of purchase made by the defendant, Dalton, with Workman was made, when he knew, that Workman held but an equitable title to the land, and of course the occupation of the land by the defendant under this purchase was not adverse but in subordination to the title of the owner of the legal title; and it is immaterial how long such a possession continued, if the plaintiff brought his action within three years after his cause of action accrued, he had a right to recover in this form of action.

The last error assigned is, that the court erred in giving the instruction asked by the plaintiff. It is insisted, it should have been modified by adding to it "unless the defendant was in adverse possession of said land, before the deed was made to the plaintiff, for a time sufficiently long to give him a right of possession in the land." But as there was not, as we have seen, the slightest evidence tending to show any such previous adverse possession, the court could not with propriety have made such a modification.

There is no error in the instructions given or refused, which was prejudicial to the defendant. The verdict of the jury was fully justified and required by the evidence, and, they could properly have gone further and found, that the plaintiff had sustained damages by the unlawful detention of his land by the defendant; but the plaintiff can not complain of their not so finding. The court did not err in refusing to grant a new trial or in entering up the judgment it did on the verdict.

This judgment must be affirmed by this Court; and the

defendant in error, Anthony Lawson, must recover of the plaintiff in error, James Dalton, his costs in this Court expended and $30.00 damages.

JUDGES JOHNSON AND HAYMOND CONCURRED. ·

JUDGMENT AFFIRMED.