# WHEELING.

## TODD AND SMITH *v.* GATES.

Submitted June 3, 1882—Decided November 11, 1882.

1. The summons in a justice's court, like the writ in courts of record, must be looked to in order to determine the plaintiff's claim upon the question of jurisdiction.   (p. 469.)

2. But if the sum mentioned in the summons is within the jurisdiction of the justice, still if it appears during the trial that the plaintiff's claim was an entire sum and that the plaintiff had reduced it by feigned credits or otherwise, the action will be dismissed as *coram non judice.*   (p. 469.)

3. Where an action before a justice is, under section 3, chapter 226 Acts of 1872-3, on the motion of the defendant, removed to the county court, the action may be tried in that court without written pleadings, and whenever it appears, by proof or otherwise, that the justice would not have had jurisdiction if the case had been tried before him, such court shall dismiss the action. (p. 470.)

4. The pleadings in justices' courts are prescribed by statute, and no provision is made for pleas in abatement; such plea, therefore, to the jurisdiction of the justice, cannot be properly filed either before the justice or the county court to which such action may be removed under the statute.   (p. 470.)

5. The evidence of the plaintiff's debt, which is required to be filed with the justice, under section 35 chapter 226, Acts 1872-3, is not a part of the summons and can not be regarded as such on a motion to quash the summons.   (p. 471.)

6. In the absence of a bill of exceptions, making the evidence or facts proved on the trial, a part of the record, this Court will presume that the judgment of the court below was proper.   (p. 471.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Ohio, rendered on the 2d day of May, 1881, in an action at law in the said court then pending, wherein Todd & Smith were plaintiffs, and Martin Gates was defendant, allowed upon the petition of said Gates.

Hon. Thayer Melvin, judge of the first judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*Robert White* and *R. G. Barr* for plaintiff in error cited the same authorities as in *Stevens* v. *Brown, supra.*

*Henry M. Russell* and *William P. Hubbard* for defendants in error cited the following authorities:  15 W. Va. 609; Acts 1872–3, ch. 226; 33 Ill. 450; 32 Ind. 400; 1 Heisk. 20; 19 Wis. 111; Drake on Attach. (5 ed.) § 144; 3 W. Va. 391; 16 Grat. 410; 18 W. Va. 1; Acts 1868, ex. sess., ch. 72; 28 O. St. 251; 16 O. 54; 103 U. S. 58; 51 Miss. 196; 42 *Id.* 94; 15 Kan. 158; 48 N. H. 176; 11 Mass. 368; 10 Bush. 519; 44 Conn. 203; Sto. Conf. Laws, § 414; 4 Wash. C. C. 380; 74 Pa. St. 57; 54 Mo. 400; 32 Ia. 58; 75 Va. 246; 8 O. 201; Sto. Conf. Laws, §§ 241, 280; 11 W. Va. 531; 26 N. Y. 450; 50 Ind. 319; 44 Cal. 294.

SNYDER, JUDGE, announced the opinion of the Court:

This action was commenced before Wm. H. Caldwell, a justice of Ohio county, by summons issued May 10, 1878, in which it was stated that the plaintiffs, Todd & Smith, as partners, will claim against the defendant, Martin Gates, one hundred dollars "due on contract for transcript of foreign judgment." With said justice the plaintiffs filed a bill of particulars, consisting of the transcript of a judgment rendered June 20, 1877, in Mill township, Tuscarawas county, State of Ohio, in favor of R. A. Allen against Martin Gates, by John Milone, a justice of said county and State, for one hundred and twenty-eight dollars and ninety-seven cents and five dollars and forty-five cents costs. Upon said transcript is an affidavit in which said Allen swears, on April 4, 1878, that no part of said judgment has been paid and that the same is due to him from said Martin Gates; and there is, also, endorsed thereon an assignment, dated May 8, 1878, from said Allen to the plaintiffs, Todd & Smith. An attachment was issued and served on the Pittsburg, Cincinnati and St. Louis Railway Company, as garnishee, in Wheeling, Ohio county, on May 10, 1878. The defendant, Gates, appeared before said justice, Caldwell, and on his motion the action was transferred to the county court of said Ohio county, on

the 27th day of May, 1878 ; and the same having been transferred, the defendant on June 4, 1878, moved said county court to quash said attachment, because neither the affidavit nor the attachment was sufficient, and because the justice who issued it and the summons had not jurisdiction as appears on the face of the papers, which motion the court overruled. The defendant then moved the court to quash the summons and complaint, upon the ground that the justice had no jurisdiction, which motion the court, also, overruled. Subsequently, the defendant tendered five pleas to the attachment and four to the action, all of which were in writing, and to the filing of which the plaintiff objected and the court sustained said objections and rejected all of said pleas, and the defendant excepted and tendered his bill of exceptions, which was made part of the record. The defendant thereupon pleaded *nil debit*, to which the plaintiff replied generally, and by consent of parties the case was tried by the court which found the issue for the plaintiff, and, on January 27, 1879, rendered judgment for the plaintiff for one hundred and nine dollars and fifty cents and costs. At the same time a rule was awarded by the court against The Pittsburgh, Cincinnati and St. Louis Railway Company, garnishee, requiring it to answer the attachment theretofore served on it; and on March 25, 1879, said Railway Company appeared and filed its answer admitting that, at the time said attachment was served on it, it was indebted to the defendant seventy-seven dollars and sixty-five cents; and thereupon the court gave judgment against it for said sum. The defendant was allowed a writ of error from said judgment of January 27, 1879, to the circuit court of said Ohio county, and by an order entered by said court, May 2, 1879, said judgment was affirmed; and from this last mentioned judgment the defendant was granted a writ of error and *supersedeas* to this Court.

The pleas in writing tendered in this action by the defendant and rejected by the court, except as hereinafter stated, attempt to make the same defences and present the same questions that were attempted to be made by the pleas in writing tendered and rejected in the case of *J. E. Stevens for, &c.*, v. *Norris H. Brown*, decided at the present term of this Court. For the reasons stated in the opinion of this Court

in that case, and for the reasons hereinafter given, we are of opinion that the said pleas tendered in this case were properly rejected.   The only defences raised by the pleas in this action which were not raised by the pleas in that case are :   (1.) That the amount of the foreign judgment sued on in this action was for a sum in excess of one hundred dollars, and that the plaintiffs fraudulently and for the purpose of giving jurisdiction to a justice instituted this action for but one hundred dollars, part of said foreign judgment; and (2.) That the assignment of said foreign judgment by the plaintiff therein, R. A. Allen, to the plaintiffs in this action, is illegal and void, because made by a citizen of the State of Ohio in violation of a statute of that State, making it a misdemeanor to make such assignment for the purpose said assignment was made, and that, therefore, the plaintiffs have no title to the said judgment and cannot sue in their names upon it.   I do not deem it necessary to set out said pleas in full or to give any of the other pleas rejected as aforesaid, because by reference to the facts set out in the said case of *Stevens* v. *Brown* their character will be fully understood.

It is first insisted by the plaintiff in error that the affidavit on which the attachment in this case is founded, is insufficient.   There are several objections taken to said affidavit but the only one I deem it necessary to notice is, that it does not state the nature of the plaintiff's claim as required by the statute.   The affidavit states that the claim, "is for transcript of foreign judgment."   In *McCluny* v. *Jackson*, 6 Gratt. 96, under a statute which required the plaintiff to state, in his attachment, the character of his claim, the court held that the statute did not require the plaintiff to describe his claim with the precision of a declaration, nor was it necessary for him to state whether it was due by bond, note, account or otherwise.   See, also, *Haywood* v. *McCrory*, 33 Ill. 459; *Theirman* v. *Vahle*, 32 Ind. 400; *Sullivan* v. *Fugate*, 1 Heis. 20; *Klenk* v. *Schwalm*, 19 Wis. 124.

Under these authorities it seems to me the affidavit is sufficient.

I shall next consider, together, the defendant's motion to quash the attachment, his motion to quash the summons and complaint and, also, his plea to the jurisdiction of the justice.

The object of this plea and these motions was, evidently, intended to present in different phases the question, whether the justice, before whom this action was brought, had jurisdiction of the plaintiff's claim? The plaintiff in error insists that the said claim, as shown by the foreign judgment filed with the justice and referred to in the summons, was for over one hundred dollars; being in fact for one hundred and twenty-eight dollars and ninety-seven cents, and, therefore, in excess of the amount for which a justice can take jurisdiction. When this action was brought, chap. 226 of the Acts of 1872–3, was in force and the powers and duties of the justice must be determined by that statute. It provides, that the civil jurisdiction of justices shall extend to actions of assumpsit, debt, &c., "if the *amount claimed* exclusive of interest does not exceed one hundred dollars." "But in every case where the sum in *controversy* exceeds the amount or value of twenty dollars, the justice shall, upon the application of the defendant  *  *  *  transmit the papers in the case to the clerk of the county court to be therein tried; and the clerk of the said court shall docket the same, and *it shall be there tried as if it were a case originally brought in said court, but no pleading in writing need be filed unless ordered by the court.*" —Sec. 3.  When a balance is found in favor of a party upon a hearing, exceeding the sum for which the justice may give judgment, such party may release the excess and take judgment for the residue.—Sec. 4.  If the action of the plaintiff, or the credit or set-off of the defendant be founded on any instrument of writing, it shall be filed with the justice and endorsed by him, and no action shall thereafter be instituted by the parties for any matter so adjusted, (subject to certain exceptions not necessary to be mentioned here).—Sec. 35. If the plaintiff's demand be founded on *judgment* or contract, the defendant may set off demands which he has against the plaintiff founded on contracts express or implied, &c.—Sec. 36. If the set-off of the defendant *proved on the trial* be more than the plaintiff's claim and does not exceed one hundred dollars or the defendant releases the excess, the judgment shall be for the proper amount for the defendant.—Sec. 37. If the defendant at the time the plaintiff's action is commenced has any credit, set-off or counterclaim to allege in

defence or reduction of the plaintiff's demand, and he is served with process or appears, he shall produce the same with his evidence, or be forever precluded from maintaining any action thereon. And if the plaintiff has any credit, set-off or counterclaim to allege against such defendant's claim, or set-off, and fail to produce it, he shall in like manner be precluded from any action on it. (Here are certain excepted claims not pertaining to our inquiry).—Secs. 39, 40. If the plaintiff fail to appear and prosecute his action the same may be dismissed. "The action shall, also, be dismissed at the plaintiff's costs *whenever it appears that the justice has not jurisdiction thereof.*"—Sec. 49.

It may be observed that the court of a justice is one of special limited jurisdiction, which acts by virtue of statutory power, and whose acts, to be valid, must be authorized by the statute. *The O. & M. R. R. Co.* v. *Hanna*, 16 Ind. 391; *Pendleton* v. *Fowler*, 6 Ark. 41.

Our statute provides that "the *amount claimed*" by the plaintiff shall not exceed one hundred dollars. In this case the amount claimed by the plaintiff, in the summons, is one hundred dollars, "due on contract for transcript of foreign judgment." This sum is within the amount for which the justice has jurisdiction. The summons in a justice's court, as well as in courts of record proper, must be looked to in order to determine the plaintiff's claim on the question of jurisdiction. *Markin* v. *Jornigan*, 3 Ind. 548; *Stone* v. *Murphy*, 2 Iowa, 35.

But if it appears that the true demand of the plaintiff has been reduced, by feigned credits or otherwise, so as to bring it within the jurisdiction of the justice, the action will be dismissed as *coram non judice*. *Sands* v. *Delap*, 2 Ill. (1 Scam.) 168; *Swift* v. *Woods*, 5 Blackf. 97.

The provision in the fourth section of the statute, which declares that, "when a balance is found in favor of a party *upon a hearing* before the justice, exceeding the sum for which a justice is authorized to give judgment, such party may release the excess and take judgment for the residue," refers to such cases as are mentioned in sections 36, 37, 38 and 39, where such excess arises out of sets-off or counter-claims filed by either party as provided in said sections, and

it does not authorize or permit the plaintiff, for the purpose of giving the justice jurisdiction, by feigned credits or otherwise, to reduce his claim.

The pleadings in justice's courts are prescribed by statute, and are intended to be as simple and free from technicalities as a due regard to the rights of the litigants will permit. No provision is made for pleas in abatement as is the case in courts of record; and as a substitute for such pleas to the jurisdiction of the justice, it is provided in section 49, that the plaintiff's action shall be dismissed at his costs *"whenever it appears* that the justice has not jurisdiction thereof." This, obviously, means if it appears at any time during the trial, by the evidence or otherwise, the action shall be dismissed. And as it is provided, by section 3 of the statute, that there need be no written pleadings in the county court in cases removed to that court under said section, it is clear that pleas in abatement need not be filed to the jurisdiction in that court in such cases; and, therefore, if it appears during the trial in such court that the justice would not have had jurisdiction if the action had been tried before him, the court shall dismiss the action. *Latham* v. *Jones*, 6 Ark. (1 Eng.) 371; *Clarke* v. *Conn*, 1 Munf. 160.

The jurisdiction is confined to that of the justice even after the removal—and the pleadings may be the same in the county court. If, therefore, in this case, it had appeared before the justice or on the trial in the county court, that the plaintiff's claim, or amount sued on, was an entire sum, exceeding the jurisdiction of the justice, and that the plaintiff by feigned credits or otherwise had reduced it to an amount within the jurisdiction of the justice, or sued upon only a part of it, and it was not shown during the trial that such claim was subject to *bona fide* credits, sets-off or counterclaims, sufficient in amount to reduce it to a sum of which the justice has jurisdiction, the court should have dismissed the action as *coram non judice*. *Sands* v. *Delap, supra; Hansbrough* v. *Stinnell*, 22 Gratt. 593.

The defendant's pleas to the jurisdiction were, therefore, entirely unnecessary and improper in this case and were properly rejected. And as the want of jurisdiction in the justice did not appear upon the summons, or the attachment

—the amount therein claimed being one hundred dollars only—the court did not err in overruling the defendant's motions to quash the summons and attachment.

It is true the summons states that the plaintiff's claim is due by foreign judgment, and the judgment filed appears to be for one hundred and twenty-eight dollars and ninety-seven cents, but as our statute does not require the evidence of the debt sued on to be made a part of the summons, the said judgment could not be regarded as a part of the summons on a motion to quash. And even, if it could be held to be a part of the summons, still, as it may appear on the trial that it was subject to credits or sets-off which would reduce it within the amount claimed in the summons, the motion to quash was not the proper manner of taking an objection to the jurisdiction.

This action seems to have been tried by the court upon the plea of *nil debit*, without objection from either party. This was certainly an improper plea, if the action was on the record of a judgment. What evidence was introduced by the plaintiff on the trial, or whether it appeared that there were no sets-off, credits or counterclaims against his judgment, cannot be determined by this Court, as no bill of exceptions was taken. In the absence of a bill of exceptions, making the evidence or facts proved a part of the record, this Court will presume that there were credits which reduced the plaintiff's claim to the amount of one hundred dollars for which he brought his action, and that the judgment of the court was proper and right. *Johnson* v. *Jennings*, 10 Gratt. 1; *Munn* v. *Bryant*, 12 W. Va. 516; *Shrewsbury* v. *Miller*, 10 W. Va. 115.

The only remaining question in this action, which was not decided in *Stevens* v. *Brown*, *infra.* 450, is that which relates to the validity or invalidity of the assignment of the Ohio judgment by Allen, the plaintiff therein, to Todd & Smith the plaintiffs in this action. It is claimed by the plaintiff in error that said assignment is void and confers no title upon the plaintiffs; because it was made by a citizen of the State of Ohio in violation of a statute of that State making it a misdemeanor to make such assignment. This assignment of error was made, I apprehend, under a mistake in

regard to the date of the assignment of the claim sued on in this action. The assignment by Allen to Todd & Smith, as shown by this record, was made on the 8th day of May, 1878; this action was brought on the claim thus assigned before the justice on May 10, 1878, and the statute of the State of Ohio which makes such assignment a misdemeanor was not passed until May 11, 1878, which was subsequent to the date of said assignment and the time this action was commenced, and it can of course have no effect upon said assignment. The question, therefore, whether such assignment, if made after the passage of said statute, would be valid or confer upon the assignee a right to sue in the courts of this State, need not be decided in this case, though it seems to me there can be very little doubt of such right. *Morgan* v. *Neville*, 74 Pa. St. 57; *Howell* v. *Stewart*, 54 Mo. 400; *Watrous* v. *Blair*, 32 Iowa 58; *Niemeyer* v. *Wright* 75 Va. 239.

For these reasons the judgment of the court below must be affirmed with costs and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.