# SPRING-SPECIAL TERM.

## WHEELING.

### CHANCEY *v.* SMITH.

Submitted January 19, 1885.—Decided March 21, 1885.

1. The simple fact, that a tenant moves off the leased premises during his term, does not entitle his landlord to enter and put another

tenant in possession ; and if the landlord does so enter during the term, the first lessee may recover the premises from the second lessee by action of unlawful entry and detainer.  (p. 407.)

2. In an action of unlawful entry and detainer commenced before a justice and taken by appeal to the circuit court the jury are sworn on the trial of the appeal to " try the issue joined " instead of being sworn " to try whether the defendant unlawfully withholds the premises in controversy ;" all the facts are certified and show that the case was tried on its merits, and that no injustice was done the plaintiff in error by reason of this irregularity. HELD :

This is not such error as will warrant the Appellate Court in reversing the judgment, especially when no objection to this irregularity was made in the trial court.  (p. 408 )

The facts of the case are stated in the opinion of the Court.

*J. G. Schilling* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE :

Action of unlawful entry and detainer tried before a justice and taken by appeal to the circuit court of Roane county where the case was tried by jury and a verdict rendered and judgment given for the plaintiff, J. T. Chancey, and the defendant, John Smith, brought the case to this Court by writ of error.

All the facts proved are certified and are in substances as follows :   The plaintiff, Chancey, rented the premises in controversy for one year ending March 1, 1883, took possession and was living on the premises and in August, 1882, he rented the same for another year to expire March 1, 1884.   In the fall of 1882, he sowed a part of the land in wheat and in November of that year he moved off the farm leaving some fodder and hay thereon which he sold during the winter, but when he left he requested one Riddle to look after the farm and put up the fences; that in March, 1883, J. W. Hall, from whom the plaintiff had leased, rented the premises to the defendant and he moved on them March 27, 1883, they being then unoccupied except by the wheat crop sown by the plaintiff and the hay and fodder left thereon as

aforesaid; that the said Hall claimed he had rented the farm to the plaintiff for the second year on conditions, and that as the plaintiff had left it and let the fences go down so that it was out in the commons he, Hall, intended to hold the farm if he lawfully could.

The defendant asked the court to give the jury five instructions, the substance of which is embraced in these propositions:

1. That if the jury believe the plaintiff was not in the *actual* possession of the premises at the time the defendant took possession, they must find for the defendant.

2. If the jury find that the plaintiff leased from Hall and lived on the premises, but afterwards moved off and then while the premises were unoccupied the said Hall leased the same to the defendant and put him in possession, they must find for the defendant although the lease of the plaintiff from Hall had not expired; and

3. If the jury believe that the plaintiff quit the premises by his own act, then the crops, if any on the premises, became forfeited and belonged to Hall his landlord.

The court refused to give any of said instructions, but in lieu thereof gave the following:

"If the jury believe from the evidence that the plaintiff leased the premises mentioned, and that his term had not expired, and that he had the possession thereof, and that the defendant, during the plaintiff's term, and while the plaintiff was so in possession by occupation or the cultivation of the land, leased said land and entered upon said premises without the consent of the plaintiff, then the jury should find for the plaintiff and ascertain his damages; but if the jury, on the other hand, believe from the evidence that the plaintiff had so rented, and that his term had not expired, yet that the plaintiff had abandoned his lease and his possession of the said land and premises, and that after such abandonment by the plaintiff of his lease and possession, the defendant rented said premises and entered thereon, then in that case the jury should find for the defendant."

The defendant excepted to the action of the court in refusing to give his instructions and in giving the said instruction in lieu thereof. These rulings raise the first question to be decided.

In order to maintain an action of unlawful entry or detainer it is essential that the plaintiff shall have actual possession or the right to the possession, and that the defendant should be a wrong-doer, but where he has the right it is not essential that he should also have the actual or physical possession, the *pedis possessio*, at the time the unlawful entry is made by the defendant. *Storrs* v. *Feick*, 24 W. Va. 605 ; *Duff* v. *Good, Id.* 682.

The landlord by leasing the premises and placing the tenant in possession, transferred both the possession and the right to the possession to the tenant during the term of the lease, and during the term he could have no more right to enter than a stranger. All his rights so far as the possession was concerned, were absolutely vested in his tenant. If, however, the tenant forfeits his lease or entirely abandons the premises, then the right to the possession reverts to the landlord and he may lawfully enter. *Mitchell* v. *Carder*, 21 W. Va. 277.

In the case at bar it does not appear that the plaintiff had either forfeited his lease or abandoned the premises. He left a growing crop on part of the land and also some hay and fodder, and placed the farm under the care of Riddle to look after it and put up the fences. He showed no purpose of abandoning it, but his acts and conduct clearly indicate an opposite intention. And there is no evidence of any forfeiture of the lease. The fact that the plaintiff moved off the premises without abandoning them or an intention to do so, did not amount to a vacation of the possession or a forfeiture of his lease. It follows, therefore, that neither of the instructions of the defendant properly stated the law, and especially when applied to the facts in this case, and, consequently, they were each properly rejected. The instruction given by the court was a correct exposition of the law in my opinion, as applied to this case. It was certainly as favorable to the defendant as the law and the facts would permit, and he has no ground to complain of it.

There is plainly nothing in the claim that the verdict was contrary to the facts proved.

It is assigned as error, that there was no issue and that the jury were improperly sworn to " try the issue joined."

In cases of this kind, when brought in the circuit court, the statute provides that, " If the defendant appear he shall plead * * * not guilty," and that upon this issue " a jury shall be impaneled to try whether he unlawfully withholds the premises in controversy." Section 2, chapter 8, Acts 1882, p. 10.

In cases of appeals from the judgments of justices, the statute declares that, "The appeal may be tried upon the pleadings made up in the justices' court," &c.—Section 169 chapter 9, Acts 1881, p. 86.

No formal pleadings are required in justice's courts and their proceedings are necessarily treated with great indulgence. If the court can see that substantial justice has been done, the proceedings though informal and irregular will be sustained. It clearly appears in the case at bar that the case was tried on its merits without objection to the manner in which the jury was sworn, and that no injustice was done to the plaintiff in error. To reverse the judgment in a case of this character on account of the technical irregularity here complained of, and which was not relied on in the trial court, would be unprecedented. Informalities of a similar nature are often disregarded in cases originating in the circuit court; and, *a fortiori*, they should be disregarded in cases originating before a justice as did this case.—*Todd* v. *Yates*, 20 W. Va., 464 ; *Griffee* v. *McCoy*, 8 *Id.* 201 ; *Huffman* v. *Anderson*, 9 *Id.* 817 ; *Southside Railroad Co.* v. *Dainels*, 20 Grat. 344.

For the foregoing reasons, I am of opinion that the judgment of the circuit court should be affirmed.

AFFIRMED.