# CHARLESTON.

MOUNTAIN CITY MILL CO. *v.* SOUTHERN.

Submitted June 10, 1899—Decided November 11, 1899.

1. JUSTICE OF THE PEACE—*Pleadings in Justices' Courts.*

The pleadings in justices' courts are prescribed by statute, and no provision is made for pleas in abatement. Such plea, therefore, to the jurisdiction of the justice, cannot be properly filed, either before the justice, or the circuit court to which the action may be appealed. (p. 757).

2. JUSTICE OF THE PEACE—*Jurisdiction.*

As a substitute for such pleas, section 66, chapter 50, Code, provides that "the action shall be dismissed at plaintiff's cost whether it appears that it has been brought in the wrong county, or that for any other reason the justice has not jurisdiction thereof." (p. 756).

3. JUSTICE OF THE PEACE—*Form of Complaint Based upon a Writing.*

In an action before a justice, founded upon an account, note, or other writing for the payment of money, it shall be a sufficient complaint for the plaintiff to deliver the account, note, or other writing to the justice, and to state that there is due to him thereon from the defendant a specific sum, which he claims to recover in the action. (p. 759).

Error to Circuit Court, Marion County.

Action by the Mountain City Mill Company against G. C. Southern. Judgment for plaintiff was affirmed by the circuit court, and he brings error.

*Affirmed.*

MARCELLUS M. THOMPSON and E. G. SMITH, for plaintiff in error.

W. S. HAYMOND and B. L. BUTCHER, for defendant in error.

McWHORTER, JUDGE:

On March 20, 1897, the Mountain City Mill Company, a corporation, by its attorney, filed before L. G. Bennington, a justice of Marion County, its complaint, and a demand for

one hundred and ninety-four dollars and seventy cents, against G. C. Southern, upon which day the justice issued his summons, returnable on the 27th day of the same month, on which last named day the parties appeared by their attorneys, and the defendant also in person. Plaintiff filed its account, showing a balance due it from the defendant of one hundred and eighty-eight dollars and twenty-four cents, to which the defendant entered the plea that he did not owe the debt, and asked leave to file special pleas. The defendant was then sworn, and stated that he had a just defense to the action, and applied for a continuance, and the same was granted to April 3d, and, by agreement of counsel, to the hour of 1 o'clock p. m. of that day; and on the said 3d day of April the defendant, by his attorney, tendered a special plea to the jurisdiction of the court, to the filing of which plaintiff objected; but the justice overruled the objection, and filed the plea, on which plea plaintiff joined issue. The case was further continued to April 12th by agreement of parties, on which day the justice, having heard the evidence rendered judgment for plaintiff for one hundred and eighty-eight dollars and seventy-seven cents and costs, from which judgment defendant appealed to the circuit court of said county. On the 16th day of December, 1897, the parties appeared by their attorneys in the circuit court, when the defendant tendered a special plea in writing to the jurisdiction of the court, to the filing of which plaintiff objected, which objection was sustained, and the plea rejected, to which ruling of the court the defendant excepted. And the plaintiff moved the court to strike out of the record the special plea in writing to the jurisdiction of the court filed before the justice on the 3d of April, which motion was resisted by defendant, but was sustained by the court, and the plea was stricken out; to which action of the court the defendant excepted, and tendered his bill of exceptions, which was signed by the judge, and made part of the record. On the 9th day of March, 1898, a jury was duly impaneled and sworn in the case, and, having heard the evidence and arguments of counsel, on the 10th day of March returned a verdict for the plaintiff, and assessed its damages at one hundred and eighty-eight dollars and twenty-four cents; when the defendant moved the court to set aside the verdict and grant him a new trial of the case,

on the ground that the verdict was contrary to the law and the evidence; and the court, having taken said motion under consideration, as well as the additional ground assigned by the defendant, that the court had erred in permitting improper evidence to go to the jury offered by the plaintiff and objected to by the defendant, overruled said motion and rendered judgment on said verdict; to which rulings of the court the defendant excepted, and tendered his bill of exceptions, which included also all of the evidence in the case, which was signed and made part of the record. Defendant obtained from this Court a writ of error and supersedeas, assigning the following errors: First. It is error not to dismiss said action for want of jurisdiction upon the special plea filed in writing by the defendant before said justice. Second. It was error not to permit the special plea in writing tendered by the defendant in the circuit court of said county to be filed. Third. It was error to strike out of the record said special plea filed before the justice as aforesaid. Fourth. It was error to overrule defendant's exceptions to plaintiff's testimony introduced before the jury at the hearing at said circuit court. Fifth. It was error not to sustain defendant's motion to set aside the verdict of the jury and grant a new trial on the grounds assigned in said motion.

The first three assignments raise substantially the same question,—whether a plea to the jurisdiction, in the nature of a plea in abatement, can be filed before a justice; and whether, on appeal to the circuit court, such plea could be filed. The pleadings in justice's court are prescribed by statute, which provides that "the answer of the defendant may contain—First, a denial of the complaint or some part thereof; second, a statement of the facts constituting a defense or counterclaim. Such pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." In *Todd* v. *Gates*, 20 W. Va. 464, JUDGE SNYDER, in delivering the opinion of the Court, says (page 470): "No provision is made for pleas in abatement, as is the case in courts of record; and, as a substitute for such pleas to the jurisdiction of the justice, it is provided in section 49 that the plaintiff's action shall be dismissed, at his costs, 'whenever it appears that the justice has no jurisdiction thereof.' This obviously means, if it appears at any time during the

trial by the evidence or otherwise, the action shall be dismissed." And in point 4 of the syllabus in said case it is held that "the pleadings in justices' court are prescribed by statute, and no provision is made for pleas in abatement. Such plea, therefore, to the jurisdiction of the justice, cannot be properly filed, either before the justice or the county court, to which such action may be removed under the statute." And section 66, chapter 50, Code, contains substantially the same provision as that in section 49, Acts 1872-73, referred to above. The defendant's plea to the jurisdiction, as in the case just cited, "was entirely unnecessary and improper in the case, and was properly rejected," and this being so, it was proper to strike out that filed before the justice. The want of jurisdiction did not appear upon the summons. And did it appear in any way upon the trial of the case or otherwise? It is insisted by the plaintiff in error that, the plea to the jurisdiction offered being rejected by the circuit court, and that filed before the justice stricken out, the defendant's evidence as to jurisdiction could not be introduced. This is not the case, under section 66, as construed in *Todd* v. *Gates, supra.* Any evidence could be introduced that could be introduced under the plea to the jurisdiction, and evidence was adduced to prove that the cause of action arose without the county in which the action was brought. It was sought to be proven by defendant below that the goods were shipped to him in Harrison County merely for distribution among the customers of plaintiff, and that he was not chargeable with the goods, It appears that his own brother, J. R. Southern, was then manager of the plaintiff; that he opened an account with defendant, and charged him on the books of the company with the goods shipped, and that, too, on his own written orders to ship to him. Witness Watson, president of plaintiff, testifies that his attention was called by the manager, (J. R. Southern) to Mr. Southern's account, that he had been sending him statements, and that he had failed to make any response. At length he determined to find out something about the cause; that he thought there might be some reason for his silence, and he investigated until he was perfectly satisfied that the account was correct; that he wrote to G. C. Southern in regard to the account from three to six months before the death of Manager Rymer Southern. Wit-

ness Harvey Shain, manager of plaintiff, testifies that he saw defendant in Adamston in May, 1896. Something was mentioned about the account. He said he could not do anything then, but would later. They walked down the railroad together, when he told witness he was in the poultry business, and was going up the West Virginia & Pittsburg road, and would try and sell some flour for him. Witness heard nothing then but that the account was all right. Witness saw him again afterwards at Clarksburg fair. "He said he would have some money for us before long, and I believe I asked him to help us out. He didn't say then that he didn't owe it." Witness saw him again on the 1st day of January, 1897, and asked him if he could do something for them. "Southern said he didn't have any money then; that he didn't want to be pushed on it, and he would settle it all right; that he would come down before the last of January, and settle either by note or cash." Witness says he sent him one or two statements about his account, and he knows of the president of the company writing him twice about the account prior to 1st of January, 1897, between September and December, and they had no letters from him. Defendant does not deny receiving the statements. When asked about the conversations with Shain about the account, he at first denied any conversation about it. Then said Shain said something about the account, "and said Mr. Watson would have sued me if it wasn't for him, and I said let him sue me." The letters of the defendant ordering the flour, and the bills of lading shipping the same to him, are filed; and the large perponderance of evidence is he knew the account was charged to him by his brother, who was then manager of the plaintiff corporation, and there is no evidence that he made a protest against it. The defendant claims that he received the flour as the agent of plaintiff, and simply distributed it to the purchasers who were dealing with plaintiff; but it is shown that he collected all the moneys, the proceeds of the sales, and he either received it as owner and seller of the flour or as agent of plaintiff. If owner, then he was chargeable with the flour; and if agent, he should account for the proceeds; and he filed no offsets or plea of payment, and the account filed and proved by plaintiff shows the balance due, the amount of the judgment. The evidence in the case is such that it is eminently

proper for a jury to pass upon it, and having done so to the satisfaction of the circuit court, and there being ample evidence to support it, I am of the opinion that the verdict should not be disturbed.

It is contended by plaintiff in error that there was no pleading on the part of plaintiff which disclosed the nature of plaintiff's claim, as required by section 50, chapter 50, Code, and upon which pleading judgment could be entered for the plaintiff, and therefore it was error to enter judgment in the absence of such pleading. Clause 5 of said section says: "Such pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended;" and clause 6 says: "Either party may except to a pleading of his adversary when it is not sufficiently explicit to be understood, or if it contains no cause of action or defense." In case at bar it appears that on March 20, 1897, plaintiff, by its attorney, B. L. Butcher, Esq., filed its complaint and a demand for one hundred and ninety-four dollars and seventy cents; and summons was issued on the same day, returnable on the 27th of the same  month; and on the  27th day of March the parties appeared, when plaintiff filed its account showing a balance due it from defendant of one hundred and eighty-eight dollars and twenty-four cents; to which the defendant entered the plea that he did not owe the debt, and asked leave to file special pleas, and made the statutory affidavit to secure a continuance, which was had.  There was no exception to the pleading that it was not sufficiently explicit to be understood or that it contained no cause of action. While no formal complaint appears in the record, the record shows that a complaint was filed on the day that the action was commenced, and the complaint must have been in writing.  A verbal or oral complaint could be entered, but could not be filed, and that complaint must have been deemed sufficient, or the defendant would have excepted to it. And, further, clause 8 of said section provides that, "in an action or defense founded upon  an account, note, or other writing for the payment of money it shall be sufficient for the party to deliver the account, note or other writing to the justice, and to state that there is due to him thereon from the adverse party a specific sum which he claims to recover or set off in the action." This provision makes the

filing of the account upon which the action is based by the plaintiff, and claiming a specific sum as due and which he is entitled to recover, a sufficient complaint. In case at bar this was filed, and was "sufficiently explicit to be understood" by the defendant, who entered his plea that he did not owe the amount claimed by plaintiff.

As to the fourth assignment, that it was error to overrule defendant's exceptions to plaintiff's testimony introduced before the jury at the hearing at said circuit court, I find no action of the court overruling objections by defendant to evidence introduced by the plaintiff. On the cross-examination of witness A. F. Wagner, introduced by defendant in a deposition taken to be used before the justice when the witness was deposing concerning two certain bills handed him by defendant, or which came to him by mail, plaintiff asked him to "tell us how the handwriting of the signature and receipt differs from that in the body of the bill," which was excepted to by defendant, While the answer to the question seems to be harmless, if not wholly immaterial there is nothing in the record to show that this deposition was read at the trial in the circuit court, and, if it was, the exception does not appear to have been called to the attention of the court to require a ruling thereon. The only other objection I find made by defendant was to a question asked plaintiff's witness Watson, which objection was sustained by the court, and to a question propounded by plaintiff to its witness Shain on rebuttal, which objection was also sustained. I fail to see any error for which the judgment should be reversed, and the same is accordingly affirmed.

*Affirmed.*