# CHARLESTON

ROBERTS *v.* HICKORY CAMP COAL AND COKE CO.

Submitted September 13, 1905.    Decided November 7, 1905.

1. JUSTICES—*Jurisdiction.*
    Justice's Courts in this State are statutory courts of limited jurisdiction and are not courts of record.   (p. 279.)

2. JUSTICES—*Parties defendant.*
    A justice is without jurisdiction in an action brought by him against a defendent who is a resident of this State, but not of the county in which the action is brought, the cause of action having arisen in the county of defendant's residence.   (p. 279.)

3. JUSTICES—*Jurisdiction—Attachment.*
    And in such case the justice being without jurisdiction in the principle action acquires no jurisdiction by attachment and garnishment of the debtor of the defendant in the justice's county. (p. 280.)

4. JUSTICES—*Jurisdiction—Attachment.*
    The justice being without jurisdiction, his judgment in the principal action, as well as that upon the attachment and garnishment, is void.   (p. 282.)

5. GARNISHMENT—*Payment by Garnishee—Void Judgment.*
    And the payment of the money, due from the garnishee to the defendant on the order of the justice is no protection to the garnishee.   (p. 282.)

6. JUDGMENT—*Attack on Void Judgment.*
    A void judgment may be declared to be void in any court in which it may be presented, whether in a direct or collateral proceeding.   (p. 282.)

Error to Circuit Court, Kanawha County.

Action by William M. Roberts against the Hickory Camp Coal and Coke Co.    Judgment for defendant, and plaintiff brings error.

*Reversed.*

W. S. LAIDLEY, for plaintiff in error.

T. S. CLARK and A. W. MCDONALD, JR., for defendant in error.

MCWHORTER, JUDGE:

William M. Roberts brought his action against the Hickory Camp Coal and Coke Co., a corporation, before Justice

E. H. Ball, of Kanawha county, for a balance of $283.25 due on a contract, with interest from July 8, 1904. The defendant appeared and filed his answer admitting the claim of plaintiff but setting up the fact that it was served with a suggestion in a certain suit pending before J. B. Champe, a justice of Fayette county, in which the Imperial Colliery Company was plaintiff and the said Roberts was defendant, requiring it to show what was due from it to Roberts; that afterwards in said suit it was ordered to pay to the Imperial Colliery Company the sum of $272.20, the amount of the judgment of the Imperial Colliery Company rendered against Roberts in said suit, which amount was paid by the defendant, Hickory Camp Coal and Coke Co., to R. R. Huddleston, deputy sheriff of Fayette county, on the 6th of February, 1904, under an execution then in his hands; and admitting that it still owed to plaintiff Roberts the sum of $11.00, which it was ready to pay. Plaintiff Roberts filed a replication to the said plea or answer of defendant averring that the payment set up by the defendant claiming to have been made on the judgment rendered by the Fayette county justice was no payment of the debt sued for and admitted by the said plea to have been due and payable to plaintiff, because there was no valid judgment rendered against plaintiff by the Fayette county justice in favor of the Imperial Colliery Company, for want of jurisdiction; that plaintiff Roberts had always been a resident of the State of West Virginia, and was then and had been for years past a resident of Kanawha county, West Virginia; that no summons or other process was ever served upon him at any time or in any manner in said action of the Imperial Colliery Company against him; that he never had any notice of said action or said judgment until the defendant set up the same as defense in this case; that the justice in Fayette county never obtained jurisdiction of said Roberts in said action and could not render any valid judgment therein, and could not legally have directed the defendant in this case to pay such judgment without having such jurisdiction, and that all that was done by said Fayette county justice was without jurisdiction and without authority of law and was null and void; and denied the existence of any valid judgment rendered against him by said justice in the action mentioned in defendant's plea, and denied that the

payment claimed by the defendant in answer to the suggestion was any payment whatever of the debt here sued for, and denied that he ever authorized the defendant to pay anything whatever to the Imperial Colliery Company, and denied that he owed the Imperial Colliery Company anything, and prayed judgment for the amount sued for and for which the defendant admitted it had owed him. Upon the hearing Justice Ball held that the justice of Fayette county had no jurisdiction to render any judgment or to make an order for the Hickory Camp Coal and Coke Company to pay said judgment and that the judgment and order against the garnishee were null and void. and that the payment claimed to have been made by the defendant was no payment of the Roberts' debt against it, and gave judgment for the amount sued for, $283.25. The defendant took the case by appeal to the circuit court of Kanawha county, where on the 13th of June, 1905, the case was heard and the following order entered: "This action came up on appeal taken by the deft. from the judgment of a Justice of Kanawha Co. and neither party desiring a jury the same is submitted to the Court, and the same was heard upon the pleadings made up before the justice, to-wit: The complaint of the plaintiff, the answer of the deft. and the replication of the plff., all in writing and filed herein. That the evidence adduced by the deft. was the record of the case of the *Empire Colliery Co.* v. *William Roberts*, tried before Justice Champe, in Fayette county, W. Va., in which record is herein filed, and the evidence adduced by the plaintiff was the affidavit of W. Roberts sworn to Feb. 17, 1905. which is filed herein, and by agreement between the parties to this cause said affidavit was read as the testimony of said Roberts herein, and this was the only testimony adduced on the trial. The deft. objected to the testimony of Roberts, not because its form in affidavit, but to the illegality thereof, which objection was overruled by the Court, to which ruling the deft. excepted. That this action was for the sum of $283.25, and the deft. admitted that it had been indebted to the plaintiff in that amount but claims that it had paid the sum of $272.20 on 23 Aug., 1904, on a suggestion issued in the said case of the *Empire Colliery Co.* v. *W. Roberts*, on a judgment rendered by the justice in Fayette county, and which payment it was claimed by the

plaintiff was no payment whatever. This court, upon consideration of the pleadings, the evidence and the argument of counsel of both plaintiff and defendant, is of opinion that the said payment claimed to have been made was valid payment, and the deft's. indebtedness to the plaintiff should be reduced to that extent." Then follows judgment in favor of the plaintiff Roberts against the Hickory Camp Coal and Coke Co. and Citizens' Trust and Guaranty Co. of West Virginia, parties to the appeal bond, the sum of $11.05, balance due plaintiff after deducting the sum of $272.20. To which finding and judgment of the court plaintiff excepted and procured a writ of error to said judgment from one of the judges of this Court.

The crucial question involved in this case is whether Justice Champe had jurisdiction to enter judgment in the action of the Imperial Colliery Co. against Roberts, in Fayette county. "The jurisdiction of justices of the peace is purely statutory. They have only such judicial powers as have been expressly conferred upon them by statute. The courts of justices not being courts of record or of general jurisdiction, there is no presumption in favor of jurisdiction when the record does not disclose it." 18 Am. & E. E. L. (2d Ed.) 17, and cases there cited. Sec. 16, ch. 50, Code, clearly defines the civil jurisdiction of justices in which it provides "shall not extend to any action unless the cause of action arose in his county, or the defendant, or one of the defendants, resides therein, or being a non-resident of the State, is found, or has property or effects within the county." The return of the officer on the original summons shows that Roberts was not found in Fayette county, as also the return of the second summons, and the record contains not a word with reference to the residence of Roberts in Fayette county, or that the cause of action accruing to the Imperial Colliery Co. against Roberts, or any part of it, arose in said county. The testimony of Roberts is, and the fact is conceded that he resides and has resided for the last eight or nine years in Kanawha county, and that he was never a non-resident of the State of West Virginia; that no summons was served upon him in the suit, and he testified that he had no notice of the action against him in Fayette county; that the Imperial Colliery Company had its office and place of business in Kanawha county, and

at which place he made a contract with said Imperial Colliery Company, which contract was the basis of its action. It is contended by counsel for defendant in error that the Hickory Camp Coal and Coke Company was located in Fayette county, "where Roberts was working, cutting timber, and was, in fact most of the time, even if it is true as stated in his affidavit, that he was a resident of Kanawha county." This in no manner appears from the record, the only matter in the record that would indicate that the defendant, Hickory Camp Coal and Coke Co., was in Fayette county, is the fact that the return of the sheriff of service of the summons on garnishee states that it was served on the company by delivering a copy "to G. P. Meadows, the president and general manager of said company, he being a resident of said county and found therein at the time of said service." But it does not appear from the record that plaintiff Roberts was ever in the county of Fayette for any purpose; nothing in the record to show that the cause of action arose in Fayette county, but it does show that it arose in Kanawha county. In *Harvey* v. *Parkersburg Insurance Co.*, 37 W. Va. 272, syl. pt. 3, "The cause of action generally means the breach of duty by the defendant, complained of ;" and in pt. 4, "The debtor, unless it be otherwise provided, must, in order to make payment, seek the creditors." In this case Roberts would have to pay his debt to the Imperial Colliery Company at its place of business in Kanawha county. It is contended by defendant in error that a justice has jurisdiction under the Constitution by virtue of sec. 28, Art. 8, in the provision that "the civil jurisdiction of a justice of the peace shall extend to actions of *assumpsit*, debt, detinue and trover, if the amount claimed, exclusive of interest, does not exceed $300 ;" that this is a general jurisdiction in which the justices are given original and concurrent jurisdiction over the actions named, the only limitation in such actions being that of the amount in controversy, which can not exceed $300. But said sec. 28 confines such jurisdiction of justices to their county. Under sec. 193, ch. 50, Code, a provision is made for attachments to be issued by justices against a defendant in an action where the ground for attachment exists as set forth in said section, the last ground being, "If the defendant, or any of the defendants, is a foreign corporation, or a non-resident of

the State, such justice having jurisdiction of the action."
But there is no provision for an attachment against the property of a defendant who is a resident of the State but not of the county in which the justice is proceeding. In *Mayer* v. *Adams*, 27 W. Va., 244, syl. pt. 4, it is held : "The jurisdictional facts necessary to give a court of special and limited jurisdiction a right to act, must appear in the record of its proceedings, or such proceedings will be regarded as had without jurisdiction and therefore as absolute nullities." Counsel for defendant in error makes their contention on the theory that a justice's court is a court of record, In *Todd* v. *Gates*, 20 W. Va., 464, syl. pt. 1, "The summons in a justice's court, like the writ in a court of record, must be looked to in order to determine the plaintiff's claim upon the question of jurisdiction." "The forms of actions now existing shall not apply to justice's courts, and there shall hereafter be but one form of action in said courts, which shall be denominated a civil action." Sec. 49, ch. 50, Code; *O'Connor* v. *Dils*, 43 W, Va. 54. In sixth clause of sec. 66, ch. 50, Code, it is provided that, "The action shall also be dismissed at plaintiff's cost, whenever it appears that it has been brought in the wrong county, or for any other reason the justice has not jurisdiction thereof." *Mill Co.* v. *Southern*, 46 W. Va. 754. "The plaintiff's right of action, the effectiveness of the judgment, and the protection of the garnishee from subsequent attack after payment under judgment, depends upon the principal action, its rightful institution, rightful judgment thereon, and rightful execution of the judgment." Wap. on Att. and Gar., sec. 474. Under the statute Roberts being a resident of the State could not be sued before a justice without his county. The plaintiff, Imperial Colliery Company, knew his residence was in Kanawha county and the attachment being subsidiary to the main suit, the jurisdiction depended upon the principal action, and the defendant Roberts not being a resident of the justice's county, or a non-resident of the State, the justice did not acquire jurisdiction by the attachment proceeding. *Dorr* v. *Rohr*, 82 Va. 359, syl. pts. 3 and 4. The Hickory Camp Coal and Coke Co., the garnishee, having been brought into the case by service of process, was bound to take notice of the fact that its creditor Roberts had not been served with

process, and it must have known that his residence was in Kanawha county and not in Fayette, and it was clearly its duty, if practicable, to have brought to the notice of its creditor the fact that his debt in its hands was sought to be sequestrated, knowing that he had no notice of the proceeding, instead of paying out of its hands the fund that belonged to him, without objection or protest. *Stewart* v. *Assurance Co.*, 45 W. Va. 734; *Dorr* v. *Rohr, supra; Harris* v. *Balk*, 198 U. S. 215. The plaintiff, Imperial Colliery Co., had a complete remedy in the circuit court of Kanawha county against Roberts, including attachment against the property of Roberts in Fayette county in case grounds for attachment existed; there Roberts would have been served with process and could have made his defense, if any he had, both against the claim in the principal suit and also against the attachment. "If a court does not have jurisdiction, it is wholly unimportant how precisely certain and technically correct its proceedings and decision may have been; its judgments and orders are mere nullities, and may not only be set aside at any time by the court in which they were rendered, but they may be declared to be void by every court in which they are presented. The void or voidable character of a judgment depends, then, upon whether the court by which it was rendered did or did not have jurisdiction. In other words the distinction turns upon the defective or wrongful execution of the power to hear and determine a cause, which renders the judgment merely voidable, and the lack of power to hear the cause at all, which renders the judgment void." 17 Am. and E. E. L. (2nd Ed.) 1048, and cases there cited; and 29 Am. and E. E. L. 1067, where it is said of a void judgment: "No rights are acquired or divested by it. It neither binds nor bars any one, and all proceedings founded on it are worthless." The Fayette justice had acquired no jurisdiction of the person of defendant Roberts, and Roberts not being a non-resident he had by his pretended attachment no jurisdiction of his property. So having neither jurisdiction of defendant's person or property the justice was without power to render any judgment in the case, hence the judgment is void and the payment by the Hickory Camp Coal and Coke Co. was without authority, and it is in no wise protected by its voluntary payment. *Brewer* v. *Hutton*, 45 W. Va. 106,

syl. pt. 6; *Stewart* v. *Assurance Co., Idem.* 734; Wap. on Att. and Gar., Secs. 926, 959 and 963.

For the reasons herein given the judgment of the circuit court must be reversed and set aside and this Court proceeding to render such judgment as the circuit court should have rendered, it is considered that the plaintiff, Wm. M. Roberts, recover against the defendant, Hickory Camp Coal and Coke Co. and the Citizen's Trust and Guaranty Company of West Virginia, the surety in the appeal bond, the sum of $299.05, the principal and interest of the plaintiff's claim from July 8th, 1904, until the date of the judgment, with interest on said sum of $299.05 from June 13th, 1905, until paid, and the costs about his action in that behalf expended, and that this judgment be certified to the clerk of the Circuit Court for execution to be issued thereon.

*Reversed.*