# CHARLESTON.

BANK OF GASSAWAY v. STALNAKER *et al.*

Submitted January 25, 1910. Decided April 4, 1911.

1. JUSTICES OF THE PEACE—*Civil Jurisdiction.*
   The civil jurisdiction of a justice cannot be extended, even by legislative enactment, beyond the limits of the justice's county. (p. 86).

2. SAME—*Jurisdiction—Territorial Extent—Garnishment.*
   A justice has no jurisdiction over one as garnishee if he resides in another county and is not served with summons in the justice's own county. (p. 87).

3. SAME—*Jurisdiction—Garnishment.*
   A justice cannot summon one as garnishee from another county, and, on his default to appear and answer, render a valid judgment against him in favor of the judgment creditor. (p. 87).

(BRANNON, JUDGE, absent.)

Error to Circuit Court, Clay County.

Action by the Bank of Gassaway against Mary Stalnaker and others. Judgment for defendants, and plaintiff brings error.

*Reversed.*

*Haymond & Fox,* for plaintiff in error.

*James Coberly* and *Jared L. Wamsley,* for defendant in error.

ROBINSON, JUDGE:

Can a justice summon one as garnishee from another county than that of the justice, and, upon his default to appear and answer, render a valid judgment against him in favor of the judgment creditor? This question alone is presented by the writ of error.

We answer the question in the negative. Such a judgment is totally void for want of jurisdiction. A justice has no civil jurisdiction beyond the limits of his county. To that territory his powers are confined by the Constitution itself. Art. 8, section 28. It says that "the jurisdiction of justices of the peace shall extend throughout their county." It grants no power that will enable a justice of the peace to render such a judgment as the one under consideration; but, after defining some powers, it further says that "the Legislature may give to justices such additional civil jurisdiction and powers within their respective counties as may be deemed expedient." Mark the two phrases in these constitutional provisions: "throughout their county," and "within their respective counties." Here by constitutional law we have territorial limits fixed for the exercise of a justice's powers. The first phrase allows the jurisdiction to extend to the confines of the county; the second binds the lawmakers to restrain their further grant of powers within such limits. Pretty plain and specific is all this. Nowhere does the constitution justify civil action on the part of a justice beyond the county lines. Quite plainly does it forbid the extension of power in civil matters beyond those limits, even though that extension be by the sanction of the Legislature itself.

True it is that some statutes impliedly indicate that a garnishee may be summoned from another county and a judgment be rendered against him on such process. Code 1906, chapter 50, sections 120-124. But none of these sections expressly provide that a garnishee may be served with summons beyond the county line. The first section cited simply says in effect that process of garnishment against one residing in another county may be issued. It does not assert that it may be served in another county. Certainly service on a garnishee in the county of the justice, though the garnishee live elsewhere, would be good. It may

be that procedure only to that extent was contemplated by this enactment. If the Legislature intended more, it ignored the constitutional inhibition upon itself in regard to granting powers to justices. "If a court is invested with jurisdiction by the constitution, such jurisdiction cannot be taken away, changed, or modified by statute." Works on Courts and their Jurisdiction, (2nd ed.) 146.

The same chapter in relation to procedure before justices, when it comes to the subject of the service of process on a garnishee in an attachment, expressly confines the service within the county. Code 1906, chapter 50, sections 193 and 197. But, for these attachment cases, there is a similar provision as that one for suggestions on judgments, providing the manner in which a garnishee residing out of the county may answer. Code 1906, chapter 50, section 206. This may be said to indicate that while a garnishee out of the county may be summoned, and while he may answer from out of the county, yet it was intended that he should be reached and caused so to answer only by service with process in the county. At any rate, that procedure is all that the constitutional powers of a justice will warrant.

Then again, it may be that these references to a garnishee that resides in another county have been inadvertently left in our statutes. They were there long before the adoption of our present Constitution. They are found first in the acts of 1865. The Constitution then in force contained no such terms in relation to the territorial limit of powers of justices as we find in the present one.

There is a direct way to reach by garnishment a debt in the hands of a creditor of a judgment debtor when that creditor resides out of the county of the justice's court that rendered the judgment, and cannot be served with process therein. A transcript of the judgment may be filed in the office of the clerk of the circuit court of the county wherein the judgment is rendered, execution therefrom may be issued to the county wherein the garnishee resides, and upon that execution suggestion proceedings may be had in the circuit court of the last named county. Code 1906, chapter 50, section 118; chapter 141, section 10.

In the case before us, the record of the justice plainly shows that the judgment against the garnishee is void. It appears

that the justice had no jurisdiction over the garnishee, because the summons was served beyond the justice's county. "A justice cannot act outside of his own county in any case." Hogg's Treatise and Forms, section 30. The motion to quash the exe-, cution issued on this judgment against the garnishee should have been sustained. The order overruling that motion will be reversed, and the execution will now be quashed.

*Reversed.*