# CHARLESTON.

A. C. GRIDELLI *v*. NORFOLK & WESTERN RAILWAY COMPANY.

Submitted October 14, 1924.    Decided October 21, 1924.

1.   RAILROADS—*Foreign Railroad Operating in West Virginia May Be Sued in Counties Where it Can Be Served With Process.*

    A railroad corporation chartered under the laws of Virginia and operating a railroad in this State is a domestic corporation and must be so held and treated in all suits and legal proceedings by or against it. It has the status of a resident of this State, and the courts of the counties in which the corporation carries on its corporate business and franchises, and in which counties service of process may be had, have jurisdiction or suits against it. (pp. 404, 405).

2.  JUSTICES OF THE PEACE—*Foreign Railroad May be Sued in Justice Court in Any County Where it Has Agent on Whom Process Can be Served.*

    A person having a transitory cause of action cognizable by a justice of the peace, against such railroad corporation can maintain a suit thereon before a justice of the peace in any county in the State wherein the corporation carries on its corporate business and has an agent on whom process can be served.  (p. 403).

3.  SAME—*Justice of Peace May Try Claim Against Railroad for Damages to Goods in Transit, if Process Can be Served Therein.*

    A justice of the peace has jurisdiction to try a claim for damages to a shipment of goods while in transit against a railroad corporation although the cause of action did not arise in his county, if the railroad corporation for purposes of suit, resides in the county and process is served upon it therein. (p. 403).

    LITZ, JUDGE, absent.

Error to Circuit Court, Mingo County.

Action by A. C. Gridelli against the Norfolk & Western Railway Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*F. M. Rivinus* and *W. K. Cowden,* for plaintiff in error.

LIVELY, JUDGE:

Plaintiff below, A. C. Gridelli, shipped a carload of household goods from Elizabeth, Wirt County, to himself as consignee at Radnor, in Wayne County, routed over the Baltimore & Ohio Railroad to Kenova; thence over the Norfolk & Western Railway, plaintiff in error, to Radnor, for which he paid $148.20 to apply on the transportation charges. The bill of lading was dated March 23, 1923. When the car arrived at Parkersburg, it was opened by some of the railway employees, thinking it was a car to be unloaded at that place, when it was discovered that the household goods were indifferently packed and crated; and that a truck was in one end of the car and had not been billed. C. F. Ritchie, trunk line freight inspector employed by the railroads, was called to

inspect the car, and discovering that the packing terms were not complied with, he penalized the shipment and gave it another classification which called for more freight charges, and $87.80 additional was assessed against the shipment. The car was then presumably resealed and sent on its way to its destination. When it arrived at Wayne, in Wayne County on the line of defendant, the connecting carrier, it was there set off and plaintiff was notified of the charges. The car remained there seven or eight days, and after the additional freight charges had been paid by plaintiff, it was forwarded to him at Radnor, where upon its arrival he discovered that the car was unsealed; that the furniture was damaged by being scratched and broken; that the locks on two trunks had been broken off and the contents rifled; that a metal filing cabinet had been broken into and the combination lock thereon destroyed; that the piano had been removed from its box and damaged; that the drawers of the furniture had been pried open and some of the doors broken.

For the damage to his goods he instituted this suit, claiming therefor $330.00 and including excess freight $87.80 paid at Wayne, and $28.00 demurrage on the car. He waived $145.80 of the damage, freight and demurrage and sought judgment for $300.00. Suit was instituted before a justice of the peace of Mingo County, where after several continuances on motion of defendant, the case was tried and judgment rendered for plaintiff for $300.00. Upon appeal to the circuit court and trial by jury verdict was rendered for $250.00, and judgment entered thereon January 17, 1924. This writ of error followed.

The errors assigned are: (1) that the court was without jurisdiction to try the case because it had been instituted in the wrong county; (2) that the verdict is contrary to the law and evidence; and (3) the verdict is excessive.

Did the circuit court have jurisdiction of the subject matter and parties? This is the important and perhaps controlling point in this case. If the justice of the peace had no jurisdiction of the subject matter or parties in the first instance, then the circuit court could acquire no jurisdiction on the appeal. *Brotherton* v. *Robinson*, 85 W. Va. 753. The tran-

script from the justice's docket does not show that the juris-
diction was challenged in that court. The summons was issued
on April 19, 1923, returnable on the 28th day of that month,
and was executed by the constable, "upon the within named
N. & W. Ry Co., a corporation, on the 20th day of April,
1923, by delivering a copy thereof to J. B. Saunders, agent
at Williamson, Mingo County, West Virginia." On motion
of defendant the case was continued four times until it
reached trial on the 4th of June, 1923, when the judgment
was rendered. No mention is made in the justice's transcript
of challenge to the justice's jurisdiction; but when the case
was called for trial in January on the appeal, the order en-
tered states that defendant, "as it heretofore did before the
justice," sought the court to dismiss the action because it
was brought in the wrong county, and for the reason that
defendant is a Virginia corporation authorized to hold prop-
erty and transact business in this State, and is a common
carrier of goods for hire; that the cause of action did not, nor
did any part thereof arise in the County of Mingo, and if
there is a cause of action it arose either in the County of Wirt
or the County of Wayne; that defendant did not reside in
Mingo County nor is its principal office there; but that its
principal office then and ever since has been in the City of
Roanoke, in the State of Virginia, and that under the statute
of this State defendant is as to its works, property, operations
and transactions and business in this State, a domestic cor-
poration, to be so held and treated in all suits and legal pro-
ceedings which may be commenced or carried on by or
against it; all of which the defendant averred itself ready to
prove and verify. The court, upon argument, overruled the
motion to dismiss and the parties went to trial with the result
above stated. From the above recitations in the order it may
be inferred that defendant offered an oral plea in abatement
to the jurisdiction of the court. Such plea can not be prop-
erly filed either before the justice, or the circuit court on
appeal. *Mountain City Mill Co.* v. *Southern,* 46 W. Va. 754.
Under Section 66, Chapter 50 of the Code, whenever it ap-
pears that a suit instituted before a justice has been brought
in the wrong county, or that for any other reason the justice

has not jurisdiction thereof, the action must be dismissed at plaintiff's costs. The dismissal of a suit before a justice for want of jurisdiction therefor is based on the facts developed, not necessarily upon the pleadings. If the oral plea to the jurisdiction as shown by the recitations of the order is considered under the rules of pleading, it would likely be bad, because it does not give the plaintiff a better writ by showing what court in the State has jurisdiction of the cause of action. *Mahany* v. *Kephart,* 15 W. Va. 609; *Beirne* v. *Rosser,* 26 Grat. 537; Burk's Pleading and Practice, Section 172, page 261. It is true the oral plea, as set out in the order, says the cause of action arose within the County of Wayne or the County of Wirt; but the action for damages for a wrong is transitory and plaintiff had the right to institute it in any court in any county in which defendant resides and where process can be executed. The oral plea says that defendant did not reside in Mingo County or have its principal office there, and that its principal office was in the City of Roanoke, State of Virginia; but it does not say where it resides in this State or what court has jurisdiction of plaintiff's action. But whether the plea be good or bad, a substitute for a plea in abatement is always in a case before a justice by virtue of Section 66, of Chapter 50 of the Code, which requires the case to be dismissed at plaintiff's costs whenever it appears that it has been brought in the wrong county, or for any other reason the justice has not jurisdiction. A justice has no jurisdiction in a civil action: (1) unless the cause of action arose in his county; (2) or the defendant, or one of the defendants, reside therein; (3) or being a non-resident of the State, is found or has property or effects within the county. Section 16, Chapter 50, Code. It developed on the trial that the cause of action did not arise in Mingo; but that did not defeat the justice's jurisdiction if defendant resided in Mingo County and process could be served on it therein. What is there in the record to show that defendant does not reside in Mingo County for the purposes of this suit? No evidence was introduced on that point. Indeed, we find nothing in the record which indicates where defendant does reside in the State, if it has a residence in West Virginia. Section 30 of Chapter 54

of the Code provides that every railroad corporation doing business in the State, under that section, or under charter granted or laws passed by the State of Virginia or this State, is, as to its works, property, operations, transactions and business in this State, a domestic corporation, and shall be so held and treated, in all suits and legal proceedings which may be commenced or carried on by or against it.   Under this statute defendant has the status of a resident of this State in all suits and legal proceedings which may be commenced or carried on by or against it.   *Baltimore & Ohio Railroad Co.* v. *Allen,* 58 W. Va. 388; *Stout* v. *Baltimore & Ohio Railroad Company,* 64 W. Va. 502.   If the defendant has the status of a resident of this State and shall be held and treated as a domestic corporation, in what county or counties does it reside for the purposes of suing or having suits brought against it?   In the circuit court a suit against a defendant corporation is maintainable in the county wherein its principal office is located, or wherein its mayor, president or other chief officer resides; if its principal office be not in this State and its mayor, president or other chief officer does not reside therein, *wherein it does business.*   Section 1, Chapter 123 of the Code.   In *McCormick* v. *Express Company,* 81 W. Va. 87, 89, Judge WILLIAMS said: ''The cause of action being transitory, the action could be brought wherever process of the court could be properly served upon defendant.''   It did not appear in that case whether defendant was a domestic or foreign corporation or where its president or other chief officer resided, but it did appear from service of process that it did maintain a local agent in the county in which the suit was instituted.   It did business there, and subjected itself to the process of the court.   But the suit in the instant case was begun before a justice, and the statute governing the jurisdiction of a justice, is that the cause of action must arise in his county, or the defendant, or one of the defendants, reside therein; or being a non-resident of the State is found or has property or effects in the county.   *State ex rel. Maynard* v. *Jarrett, J. P.,* 90 W. Va. 180.   Process from a justice's court against a corporation may be served upon the president, cashier, treasurer or other chief officer, or if there be no such

officer, or if he be absent, upon any officer, director, trustee or agent of the corporation at its principal office or place of business, or in any county in which a director, other officer, *or any agent of said* corporation may reside. Section 34, Chapter 50 of the Code. And under Section 35 of that Chapter, if defendant be a foreign corporation doing business in this State by agent, service may be had upon such agent. But these provisions for service on corporations of process from a justice's court do not enlarge the jurisdiction of a justice as given by Section 16 of that Chapter. *Sovereign Coal Company* v. *Britton,* 77 W. Va. 566. So we come back to the basic jurisdictional inquiry, namely, where does defendant reside in this State for service of process from a justice's court? It is admittedly a foreign corporation created under the laws of Virginia, with its principal office in the City of Roanoke in that State; and has been admitted to hold property and do business in this State, operating its trunk line of railways through the County of Mingo and other counties in the southern section of this State. There is much authority to the effect that a railroad company is a resident not only where it maintains its principal place of business but in every county or municipality in which it operates its lines of railroad. In *Bristol* v. *Chicago Railroad Company,* 15 Ill. 436, it was held that a railroad corporation dwells in the place where its business is done and where its franchises are exercised; that, ''This corporation has a legal residence in any county in which it operates the road or exercises corporate powers and privileges. In legal contemplation it resides in the counties through which its road passes, and in which it transacts its business.'' To the same effect is *Baldwin* v. *Mississippi & Missouri Railroad Company,* 5 Iowa, 518; and *Richardson* v. *Burlington and Missouri River Railroad Company,* 8 Iowa 260, wherein it is held, ''A railroad corporation, in legal contemplation, resides in the counties through which its road passes, and in which it transacts its business, and may be sued in any county through which the road passes.'' *Slavens* v. *Railroad Co.,* 51 Mo. 308; *Tobin* v. *Railroad Co.,* 47 S. C. 387; *Schoch* v. *Railroad Co.,* 55 Minn. 479; *Railroad Co.* v. *Haskell,* 11 Ind. 301; *Boyer* v. *Northern Pa-*

*cific,* 8 Idaho 74, 70 L. R. A. 691; *Sherwood* v. *Railroad Company,* 15 Barb. (New York) 650; 1 Elliott on Railroads (3rd Ed.) Sec. 33; 7 R. C. L. page 695, Section 698; 3 Thompson on Corporations, Sec. 3013. There are cases, however, which restrict the residence of railroad corporations to the location of their chief place of business. *Conn. P. R. R. Co.* v. *Cooper,* 30 Vt. 482; *Thorn* v. *Central Railroad Co.,* 26 N. J. L. 121.

It may be observed that these variant holdings are based largely upon particular statutory enactments. Defendant is a foreign corporation, presumably admitted to hold property and do business in this State and being a Virginia railroad corporation has the status of a resident of this State. Nothing in its admission to the State or in the laws fixing its status designates its habitat or place of residence in the State; and we have come to the conclusion that the residence of such railroad corporations for the purposes of suits by and against them is in any county where they conduct corporate business and where an agent of such corporation may be on whom process can be served. It is suggested in appellant's brief that because the Auditor of the State is by virtue of the statute made the agent for service of process on all foreign and non-resident domestic corporations that the place of residence of defendant is in the County of Kanawha where the Auditor resides; hence no justice's court would have jurisdiction of a transitory action outside of the county in which the action arose, except in the County of Kanawha. We do not think the residence of the statutory agent would define the residence of the corporation itself. The proposition contended for would preclude suit on a cause of action, (unless it be brought in the county where the cause of action arose), in any other county in the State except in the County of Kanawha, if, perchance, the action was cognizable by and instituted before a justice of the peace. We do not think our statutes would authorize the conclusion that a plaintiff with a transitory action would be forced to bring his suit against a railroad company in the county where the cause of action arose if cognizable by a justice of the peace, or be precluded from suing before a justice elsewhere in the State except at the seat of government. In the circuit courts the venue of an

·action against a railroad corporation is in the county where it does business, if its principal office be not in this State, and its president or other chief officer does not reside therein.   In such cases the residence of defendant for the purposes of suit is where it does business, and we can not see why the same rule and reason should not apply to the court of a justice of the peace.   It is evident that defendant conducts its corporate business in the County of Mingo.   It maintains an agent there on whom process was served.   We will take judicial notice that the main line of defendant's railroad extends through the County of Mingo; and we have come to the conclusion from this record that it resides in that County for purposes of suits by and against it; and that the justice had jurisdiction of this transitory action.

It is insisted that the verdict is contrary to the law because the court had no jurisdiction.   That point of error is disposed of, as we have determined that the justice's court had jurisdiction; consequently the circuit court had like jurisdiction on appeal.   We can not see that the verdict is contrary to the evidence or that it is excessive.   Plaintiff and his witnesses showed in detail to the jury the amount of damage which was sustained in the transit of the goods.   The items of excess freight, $87.80 and demurrage paid at Wayne, $38.00, were stricken out by the court and do not enter into the verdict. The damage to the goods itemized as to the various articles and amount of damage to each article is shown by plaintiff's evidence, and in the aggregate is far more than the amount of the verdict.   Defendant sought to show that the damage was much less by an inspector who examined the furniture after it was delivered, and that the goods were not new.   No one fixed their values, except possibly the piano, and filing cabinet. This was purely a jury question, and in considering it the oral evidence of the defendant in conflict with that of the plaintiff must not be considered.   The verdict can not be disturbed on these grounds.   The judgment will be affirmed.

*Affirmed.*