# CHARLESTON.

L. E. WHITE v. F. J. DEEGAN, *Justice et als.*

(No. 6070)

Submitted January 11, 1928.    Decided January 17, 1928.

1.  JUSTICES OF THE PEACE—*Justice of Peace Has no Civil Juris-diction Beyond His County (Const. art. 8, § 28).*

    The laws of West Virginia confer no civil jurisdiction upon a justice of the peace, beyond his county.    (p. 5.)

    (Justices of the Peace, 35 C. J. § 103.)

2.  SAME—*Justice of Peace of One County Acquires no Jurisdic-tion Over Resident of Another County by Summons Served on Him in Latter County, Even Though Cause of Action Arose in Former County (Code, c. 50, § 16; Const. art. 8, § 28).*

    A justice of one county acquires no jurisdiction under sec-tion 16, chapter 50, Code, over a resident of another county by a summons served on him in the latter county, even though the cause of action arose in the former county.    (p. 5.)

    (Justices of the Peace, 35 C. J. § 103.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original petition by L. E. White for prohibition to be directed to F. J. Deegan, Justice of the Peace of Marshall County, and others.

*Writ awarded.*

*Ross Wells,* for petitioner.

HATCHER, JUDGE:

The petition in this case alleges that the petitioner is a resident of Pleasants county; that he incurred a debt in Mar-shall county; that his creditors instituted a civil action against him before a justice of Marshall county for the purpose of recovering the debt, in which action they secured an attach-ment of certain personal property of petitioner within Mar-shall county; that no service of process was had on this peti-

tioner within that county; that his attorney appeared specially and moved that the attachment be quashed; that no grounds having been assigned which warranted the attachment, it was accordingly quashed; that thereupon the justice issued a summons, which was directed to the sheriff of Pleasants county and by him served upon the petitioner within that county; that petitioner made no appearance to the summons; and that the justice entered a personal judgment against the petitioner upon which an execution was issued, a levy made on the personal property, and notices of sale posted.

The petition prayed for a rule against the creditors, the justice, and the constable to show cause why a writ of prohibition should not be awarded, prohibiting the constable from further proceeding under the execution. The rule was issued as prayed for and made returnable before this Court on September 7, 1927. No answer or appearance of any kind has been made to the rule.

A transcript of the record of the justice is filed with the petition which fully sustains its allegations.

The attachment having been quashed, the only question now before us is the jurisdiction of the justice. That jurisdiction is derived entirely from our Constitution. Section 28, of Article 8, thereof, confers on justices of the peace jurisdiction "throughout their county." While that section provides that the Legislature may give to justices such additional civil jurisdiction as may be deemed expedient, it confines that jurisdiction to "their respective counties". The Constitution confers no civil authority whatsoever on a justice beyond his county.

As the cause of action herein arose in Marshall county, the justice of that county would have had jurisdiction to try this action under sec. 16, ch. 50, Code, if he could have secured service of process on the petitioner within Marshall county. *State* v. *Jarrett,* 90 W. Va. 180 (185). But jurisdiction *in rem* is far different from jurisdiction *in personam,* as was pointed out by BRANNON, J., in *Speidel* v. *Warder,* 56 W. Va. 602 (604). The civil jurisdiction of a justice is fully discussed by this Court in *Bank* v. *Stalnaker,* 69 W. Va. 85,

wherein it is specifically held that a justice acquires no jurisdiction over one·"if he resides in another county and is not served with summons in the justice's own county."

Therefore, the justice ·of Marshall county had no right to direct his process to the sheriff of Pleasants county. That process is void. Service thereof within Pleasants county gave the justice of Marshall county no jurisdiction over the person of the petitioner.

The writ will therefore issue.

*Writ awarded.*