UNITED STATES COAL AND COKE CO. *v.* H. B. KITTS *et al.*

(No. 9511)

Submitted September 1, 1943. Decided September 28, 1943.

14

*Arthur S. Dayton,* for petitioner.

Fox, Judge:

This is an original jurisdiction proceeding in prohibition, on the part of United States Coal and Coke Company, hereinafter called "petitioner", against H. B. Kitts, a Justice of the Peace of Mercer County, West Virginia, and George H. Carroll, trading and doing business in the name of Carroll Motor Sales, hereinafter referred to as "respondents".

On January 12, 1937, Carroll, in the name of Carroll Motor Sales, recovered a judgment for $50.50 and $10.50 costs, against one E. P. Terry, before respondent, H. B. Kitts, justice of Mercer County. On March 4, 1943, the said justice issued a suggestee execution, under the provisions of Chapter 67 of the Acts of the Legislature, 1939, directed to " _____ , or any Constable of said [Mercer] County", and this process was on March 10, 1943, served on the Auditor of the State of West Virginia, as statutory attorney-in-fact for the petitioner, such service being had at the official residence of said auditor in Kanawha County in said State. According to the allegations of the petition, the judgment debtor, at the date of such service, was in the employ of the petitioner at its works in McDowell County, West Virginia, his contract of employment was entered into in that county, and any wages due him thereunder were payable therein. The further allegation is that the petitioner was and is a domestic corporation, having its principal place of business and chief works at Gary, in McDowell County; that it had no officer, member of its board of directors, stockholder, agent or employee

of any kind whatsoever resident in Mercer County; and that it had not appeared generally or specially to the process issued as aforesaid.

On these allegations, not denied, the petitioner seeks a writ of prohibition against respondents, prohibiting them "from proceeding further upon said suggestee execution, and from proceeding further in said civil action insofar as any proceedings therein relate to your petitioner, and from taking any action to enforce the said suggestee execution and from seeking otherwise to proceed against, or levy upon, any credits or sums of money that have been, or may become, due from this petitioner to the said E. P. Terry, and that the said suggestee execution and the service thereof be held irregular and void and of no effect whatsoever". On June 5, 1943, we awarded a rule requiring respondents to show cause why the writ prayed for should not issue. To this rule there has been no appearance on the part of the respondents, or either of them.

The position of the petitioner, as stated in its petition, is that the suggestee execution, issued as aforesaid, is void for the following reasons:

"(a) That a Justice of the Jeace has no jurisdiction to issue any writ, including a suggestee execution, operative beyond the geographical boundary of his County, and the said H. B. Kitts accordingly had no jurisdiction to issue a suggestee execution operative beyond the bounds of Mercer County.

"(b) A Justice of the Peace has no jurisdiction to cause the service of any writ issued by him to be served beyond the geographical bounds of his County.

"(c) This petitioner, being a corporation as aforesaid, and having its principal place of business and chief works in McDowell County, West Virginia, and having no officer, stockholder, member of its board of directors, or agent in Mercer County, was beyond the jurisdiction of the said H. B. Kitts as a Justice of the Peace of Mercer County.

"(d)  No Court or Justice of the Peace of Mercer County, West Virginia, would have had jurisdiction of an action by the said E. P. Terry to recover any sums of money due him from this petitioner, but such action would have been solely within the jurisdiction of McDowell County, and in which County any cause of action between them, with respect of wages and salary, would have arisen, and, accordingly, the said H. B. Kitts, as Justice of the Peace of Mercer County, has no jurisdiction to issue said suggestee execution so far as this petitioner is concerned".

These contentions, and each of them, must be sustained. Our Constitution, Section 28 of Article VIII provides:

"The civil jurisdiction of a justice of the peace shall extend to actions of assumpsit, debt, detinue and trover, if the amount claimed, exclusive of interest, does not exceed three hundred dollars. The jurisdiction of justices of the peace shall extend throughout their county; * * *. And the Legislature may give to justices such additional civil jurisdiction and powers within their respective counties as may be deemed expedient, under such regulations and restrictions as may be prescribed by general law, except that in suits to recover money or damages, their jurisdiction and powers shall in no case exceed three hundred dollars. * * *."

The plain intent and meaning of this provision was to limit the jurisdiction of justices to the counties in which they were elected and hold office, and the power conferred upon the legislature to give them additional civil jurisdiction is expressly limited to their respective counties. Therefore, the legislature has no power to extend such jurisdiction beyond the limits of the county in which the justice was elected, and has not, in our opinion, attempted to do so. On the contrary, it has restricted such jurisdiction in accordance with the constitutional limitation when by statute, Code 50-2-1, it provided that, "A justice of the peace, within and coextensive with the

county in which the district is for which he was elected, shall have civil jurisdiction and authority", following by a specific grant of jurisdiction in certain enumerated civil actions. In the face of these plain provisions, we see no ground for differences of opinion, but this Court has been more than once called upon to restrain justices of the peace from extending their jurisdiction beyond the county in which they were elected. One of the first, if not the first, of such cases to reach this Court was *Roberts* v. *Hickory Camp Coal & Coke Co.*, 58 W. Va. 276, 52 S. E. 182. That was a case affecting an attachment and garnishee proceeding in the justice's own county, but the judgment on which such proceeding was based had been obtained by service of summons on the defendant in a county other than that in which the justice held office, and the holding of the Court was:

"A justice is without jurisdiction in an action brought by him against a defendant who is a resident of this state, but not of the county in which the action is brought, the cause of action having arisen in the county of defendant's residence.",

followed by a holding that the justice being without jurisdiction his judgment in the principal action, as well as that upon the attachment and garnishment, was void.

The next case was that of *Bank of Gassaway* v. *Stalnaker*, 69 W. Va. 85, 71 S. E. 183. In that case the plaintiff recovered a judgment before a justice of the peace of Clay County, and on that judgment the justice issued a summons in a garnishee proceeding against the Bank of Gassaway, a domestic corporation, having its principal place of business in Braxton County. The summons was issued to an official in Braxton County, and was served on the bank in that county. There being no appearance by the bank, the justice proceeded to render judgment against it. A transcript of the judgment was filed in the office of the Clerk of the Circuit Court of Clay County, and an execution issued thereon by said clerk. A motion to quash the execution was made by the bank, in the Circuit Court of Clay County, was overruled, and the

case was brought to this Court. A reference to the record and briefs in that case shows that counsel for the judgment creditor contended that it was "clearly within the constitutional authority of the legislature to enlarge or restrict the jurisdiction of justices of the peace and that such jurisdiction had been greatly enlarged by statutory enactment", and that such statutory provision furnished sufficient basis for the action of the justice. This Court stated the question involved and gave the answer thereto in the following language:

"Can a justice summon one as garnishee from another county than that of the justice, and, upon his default to appear and answer, render a valid judgment against him in favor of the judgment creditor? This question alone is presented by the writ of error.

"We answer the question in the negative. Such a judgment is totally void for want of jurisdiction. A justice has no civil jurisdiction beyond the limits of his county. To that territory his powers are confined by the Constitution itself. Art. 8, section 28. It says that 'the jurisdiction of justices of the peace shall extend throughout their county.' It grants no power that will enable a justice of the peace to render such a judgment as the one under consideration; but, after defining some powers, it further says that 'the Legislature may give to justices such additional civil jurisdiction and powers within their respective counties as may be deemed expedient.' Mark the two phrases in these constitutional provisions: 'throughout their county', and 'within their respective counties'. Here by constitutional law we have territorial limits fixed for the exercise of a justice's powers. The first phrase allows the jurisdiction to extend to the confines of the county; the second binds the lawmakers to restrain their further grant of powers within such limits. Pretty plain and specific is all this. Nowhere does the constitution justify civil action on the part of a justice beyond the county lines. Quite plainly does it forbid the extension of power in civil matters beyond those limits, even though that extension be by the sanction of the Legislature itself."

The case at bar differs from *Bank of Gassaway* v. *Stalnaker* in the following particulars: Here the summons was directed to " _____, or any Constable of said [Mercer] County", instead of to some person or official outside of Mercer County; and the service was had on the Auditor of the State of West Virginia instead of the corporation sought to be made liable. But the basic question is the same. If a justice is without power to make his processes effective outside of his own county, it matters not as to the form of the process, to whom it may be directed, or where and on whom it is executed. The provisions of our statute which authorize service on or acceptance of process on corporations by the auditor do not affect or extend the jurisdiction of courts; and in the instant case, the service on the auditor could not have been anything more than a service in McDowell County, where a process issued by a justice of the peace of Mercer County was of no force whatever. *Sovereign Coal Co.* v. *Britton,* 77 W. Va. 566, 87 S. E. 925; *Massachusetts Bonding & Insurance Co.* v. *Concrete Steel Co.,* (C. C. A. 4th), 37 F. 2d 695.

The question of the jurisdiction of a justice of the peace has been further considered by this Court in *Gridelli* v. *Norfolk & Western Ry. Co.,* 97 W. Va. 400, 125 S. E. 99. In the body of the opinion it is stated: "A justice has no jurisdiction in a civil action: (1) unless the cause of action arose in his county; (2) or the defendant, or one of the defendants, reside therein; (3) or being a non-resident of the state, is found or has property or effects within the county". Also in *White* v. *Deegan,* 105 W. Va. 4, 141 S. E. 396, where it is held: "The laws of West Virginia confer no civil jurisdiction upon a justice of the peace, beyond his county". And, "A justice of one county acquires no jurisdiction under section 16, chapter 50, Code, over a resident of another county by a summons served on him in the latter county, even though the cause of action arose in the former county". Section 16 of Chapter 50 of the Code, as it then was, provided that, "The civil Jurisdiction of a justice shall not extend to any action unless the cause

of action arose in his county, or the defendant, or one of the defendants, reside therein, or being a non-resident of the state, is found, or has property or effects, within the county". In *Jos. Speidel Grocery Co.* v. *Warder,* 56 W. Va. 602, 40 S. E. 534, it was held that a domestic corporation may be sued before a justice either in the county of its principal office, or the county where the cause of action arises, if service of process can be made in that county on a director or other officer or agent, whether the person served resides therein or not, and the return of service need not show that he resides therein.

These cases, we think, are conclusive of the question here raised. The processes of a justice of the peace in a civil action, in themselves, have no force outside of the county in which he was elected and holds his office. When a justice obtains jursdiction, his judgment, as distinguished from his processes, may be made effective throughout the State; but only through the aid of some court whose processes extend throughout the State.

Petitioner makes the further point that the suggestee execution is void on its face, because not directed to any named officer of Mercer County, and relies on Section 5, Chapter 67, Acts of the Legislature, 1939, wherein it is required that payment on a suggestee execution should be made to the officer serving the execution or to the judgment creditor. We do not think the requirement rises to the importance suggested, but is merely directory. The person who serves the process can be ascertained from the return made, and the garnishee can always pay the creditor.

The writ will be awarded, but will be limited to the pending suggestee execution proceeding. The prayer of the petition which is, in part, that further proceedings in the civil action in so far as any proceedings therein relate to petitioner be prohibited, if granted, might be construed to prevent further proceedings by the judgment creditor against the petitioner on the judgment recovered in Mercer County, although probably not intended to have that effect. The judgment creditor may wish to pro-

ceed further to collect his judgment and may, by proper proceedings, involve the petitioner, and we should do nothing to prevent such action on his part.

A writ of prohibition will be awarded against respondents prohibiting them from further proceeding upon the suggestee execution proceeding set up in the petition.

*Writ awarded.*