STATE OF WEST VIRGINIA *ex rel.* NANCY COLLINS

*v.*

H. L. COLLINS, *et al.*

(No. 10918)

Submitted September 4, 1957. Decided October 1, 1957.

*A. G. Mathews, Victor Hamilton,* for relator.

No appearance for respondents.

GIVEN, JUDGE:

In this original proceeding in prohibition petitioner, State of West Virginia at the relation of Nancy Collins, prays that a writ issue against defendants H. L. Collins, B. L. Wheeler, justice of the peace for Williams District, Wood County, West Virginia, Charles S. Ruddell, Clerk of the Circuit Court of Wood County, West Virginia, and Bob Morgan, Sheriff of Calhoun County, West Virginia, prohibiting the collection, by execution or otherwise, of a judgment rendered against the petitioner by a justice of the peace of Wood County. No appearance is made on behalf of any defendant. The matter is heard and disposed of on the allegations of the petition, brief and oral argument of the petitioner.

From the unanswered allegations of the petition we must consider as established facts that the defendant H. L. Collins, on February 7, 1957, instituted an action on contract against Nancy Collins, before the defendant B. L. Wheeler, a justice of the peace of Wood County; that the justice of the peace issued a summons in said action addressed only to "any constable of said county"; that the summons was placed in the hands of F. H. Myers, who was not a constable; that F. H. Myers made return of service of the summons on the petitioner, executing such return "F. H. Myers, Special Constable"; that the cause of action declared on in the action so instituted did not arise in Wood County; and that Nancy Collins and all other defendants named in such action were, at the time

of the institution of the action, residents of Calhoun County.

It is further alleged that on the return day of the summons Nancy Collins appeared specially, by an attorney, and moved the dismissal of the action; that the justice of the peace announced that he sustained such motion and would dismiss the action, but, instead, without any knowledge of Nancy Collins or her attorney, entered judgment therein against her in favor of H. L. Collins for $194.25, without any affidavit of account having been filed and without any proof having been offered; that a transcript of the judgment was filed with the Clerk of the Circuit Court of Wood County; that execution was caused to be issued thereon and placed in the hands of the Sheriff of Calhoun County; and that the Sheriff of Calhoun County had levied on property of petitioner.

Petitioner contends that the judgment is void for the reasons: (a) That the justice of the peace of Wood County was without jurisdiction to render any judgment in the action, since the cause of action did not arise in Wood County; (b) because service of the summons was purportedly made by a person not a constable, and not appointed a special constable pursuant to the provisions of Code, 50-1-14, as amended; (c) because the justice of the peace, in announcing judgment in favor of petitioner, thereby lost jurisdiction to enter any other judgment without further process or notice; and (d) because no affidavit of account, or proof, supported the action of the justice in rendering judgment.

Code, 50-2-4, provides: "The civil jurisdiction of a justice shall not extend to any action unless the cause of action arose in his county, or the defendant, or one of the defendants, resides therein * * * ".

In *Roberts* v. *Hickory Camp Coal and Coke Co.*, 58 W. Va. 276, 52 S. E. 182, it was held: "1. Justices' Courts in this State are statutory courts of limited jurisdiction and are not courts of record. 2. A justice is without jurisdic-

tion in an action brought by him against a defendant who is a resident of this State, but not of the county in which the action is brought, the cause of action having arisen in the county of defendant's residence."

In *Midland Investment Corporation* v. *Ballard,* 101 W. Va. 591, 133 S. E. 316, we held: "1. Under § 16, ch. 50, Code, a justice is without jurisdiction in an action brought before him against a defendant who is a resident of this state but not of the county in which the action is brought, the cause of action having arisen in the county of defendant's resident." See *State ex rel. Shawver* v. *Casto,* 136 W. Va. 797, 68 S. E. 2d 673; *United States Coal and Coke Co.* v. *Kitts,* 126 W. Va. 13, 27 S. E. 2d 65; *Hastings* v. *Finney,* 119 W. Va. 301, 193 S. E. 444; *Sovereign Coal Co.* v. *Britton,* 77 W. Va. 566, 87 S. E. 925; *Bank of Gassaway* v. *Stalnaker,* 69 W. Va. 85, 71 S. E. 183; *Stanton-Belment Co.* v. *Case,* 47 W. Va. 779, 35 S. E. 851.

These holdings, as does the statute quoted, make it clear that the justice of the peace of Wood County had no jurisdiction of the action wherein the judgment complained of was entered, and that the purported judgment, for that reason, is void.

The holding as to the venue of the cause of action wherein the judgment complained of was entered makes it unnecessary to decide or discuss other questions briefed. See, however, Code, 50-1-14, as amended; Code, 50-3-3; *Lopinsky* v. *Preferred Realty Co.,* 111 W. Va. 553, 163 S. E. 1; *State ex rel. Mitros* v. *Morris,* 111 W. Va. 347, 161 S. E. 576; *White* v. *Deegan,* 105 W. Va. 4, 141 S. E. 396; *Bank of Union* v. *Loeb,* 71 W. Va. 494, 76 S. E. 883; *Packet Company* v. *Bellville,* 55 W. Va. 560, 47 S. E. 301.

For the reasons stated, the writ of prohibition is awarded as prayed for.

*Writ awarded.*