# WHEELING

## Tinsley *v.* Ross.

. Submitted January 23, 1907.   Decided June 12, 1907.

1. EXEMPTIONS— *Wrongful Retention by Officers—Action for Penalty.*
   To entitle the plaintiff to recover, for any period claimed, the accumulated penalty of five dollars per day from an officer failing to release money or property in his control which shall have been exempted under sections 1320 and 1321, Code 1906, he must specify and prove affirmatively the number of days for which the officer is liable for such penalty by reason of such failure to release such money or property. (p. 267.)

Error to Circuit Court, McDowell County.

Action by the State, at relation of C. T. Tinsley against J. H. Ross, constable, and others, as sureties on his official bond. Judgment for plaintiff, and defendant brings error.
*Reversed.   New trial granted.*

D. J. F. STOTHER, for plaintffs in error.
J. HOLBROOK, for defendant in error.

MCWHORTER, JUDGE:

State of West Virginia at the relation of C. T. Tinsley brought its action of debt in the circuit court of McDowell county against J. H. Ross, constable, and A. L. Calhoun and J. B. Harper, sureties on his official bond as such constable, claiming $300 accumulated penalty of $5 a day by reason of

the failure of said constable to release to the plaintiff Tinsley money attached in the hands of the Norfolk & Western Railway Company upon the plaintiff furnishing to the said constable, who served the attachment upon the said company, a list of property exempt under chapter 41 of the Code of West Virginia.

L. M. Hunt had brought his action before D. T. Coles, a justice, against the plaintiff Tinsley to recover a demand of $5 and sued out an attachment on the 17th day of June, 1905, which went into the hands of the said constable and was served by him upon the garnishee, the Norfolk & Western Railway Company. Judgment was rendered against the said Tinsley in favor of the said Hunt for the amount claimed on the 24th day July, 1905. It does not appear from the record that the attachment was ever returned by the constable.

The defendants appeared and demurred to the plaintiff's declaration which demurrer was overruled. The plaintiff then pleaded the general issue and a jury was empaneled and after hearing the evidence returned a verdict in favor of the plaintiff, assessed his damages at $280. The defendants moved the court to set aside the verdict and grant them a new trial for the reason that the same was contrary to the law and the evidence and moved in arrest of judgment, of which motions the court took time to consider and on the 27th day of December, 1905, the court overruled the motions and rendered judgment in favor of the plaintiff upon said verdict against the defendants for $280 to which judgment the defendants obtained a writ of error and *supersedeas.*

In the course of the trial the defendants made several exceptions to the rulings of the court which are embodied in a bill of exceptions marked No. 1. The exceptions go principally to the admission of testimony introduced by the plaintiff. Quite all the questions arising in this case were disposed of in a case recently decided in this Court of *Reeves* v. *Ross.* In which case the statutes upon which these actions were founded are thoroughly discussed and construed and it is deemed unnecessary here to again enter into a discussion of these questions. There is no reason assigned in support of the demurrer to the declaration which seems to be sufficient in every particular, and the court did not err in overruling the demurrer.

The errors set forth are in admitting in evidence a duly certified copy of the bond of the defendant constable and his sureties and the transcript of the record of D. T. Coles, the justice of the peace of North Fork district in McDowell county who issued the attachment which was served by the constable Ross; and the testimony of the plaintiff that on the 17th day of June, 1905, money was due and owing to him by the Norfolk & Western Railway Company amounting to about $50 and that the same was attached in the hands of said company; and in admitting the evidence, over the objection of defendants, of plaintiff Tinsley in regard to presenting his exemption list and the release in blank to the defendant J. H. Ross and Ross refusing to sign a release; and also in admitting the evidence of said Tinsley that at the time he presented the exemption list to defendant Ross, constable, he tendered to said Ross a writing for him to sign releasing then and there the money attached in the hands of said railway company and demanded of said Ross that he sign said release. And also in admitting in evidence over defendants' objection the exemption list prepared by G. J. Holbrook, attorney. These exceptions were all identical with exceptions taken to rulings of the court in the said case of *Reeves* v. *Ross* and were there disposed of, the Court holding that the evidence was admissible.

The other error assigned is in refusing to set aside the verdict of the jury and awarding defendants a new trial. The plaintiff testified that on the 19th day of July, 1905, he took the exemption list, which is in evidence, and tendered it to said Ross at North Fork in McDowell county together with the release to sign, which release is also in evidence, that Ross said he knew what the papers were but would not accept the exemption list nor sign the release nor even look at the papers, but said the matter was out of his hands and that he would not have anything to do with it. The witness further stated that the money attached in the hands of the said Norfolk & Western Railway Company had never been released and that he had not received the same, and the said money attached was deducted from his wages by the said railway company. On cross-examination plaintiff testified that he never refused to give the papers to J. H. Ross and that he did not say to Ross that he would not give him the papers.

unless he would first agree to sign the release, but that Ross refused to look at the papers and said "I know what it is, I have nothing to do with it." G. J. Holbrook, attorney for plaintiff, testified that he prepared the exemption list and mailed it to the plaintiff with the paper called release, that as attorney for the plaintiff he never received from Ross any release from the attachment. The defendant Ross testified that he was constable of North Fork district in McDowell county, "That in the case of L. M. Hunt against C. T. Tinsley that an attachment was placed in his hands by D. T. Coles, Justice of the Peace of said District, on or about the 17th day of June, 1905; that in said attachment it was suggested that there was money in the hands of the Norfolk & Western Railway Company due and owing by it to the said C. T. Tinsley and that on or about the 17th day of June, 1905, served said attachment on the Norfolk & Western Railway Company attaching said money in the hands of said Company; that on or about the 19th day of July, 1905, that a man he did not know and had never seen before came to him at North Fork in McDowell County and said to him that he had a letter from Judge Holbrook; that he wanted him (Ross) to sign; that he (Ross) asked the man what it was and the man said that he did not know; that the man held a paper in one hand that resembled the writing called release, offered in evidence by the plaintiff; and an envelope in the other; that he asked the man to let him see the paper; that the man would not let him see the paper unless he (Ross) first would agree to sign it; that the man refused to let him see it and he refused to sign it; that the man then went away and he never saw him any more until he saw him here at this term of the Circuit Court; that the man did not present any exemption list to him; that he did not see the exemption list; that the man did not tell him that he had an exemption list or say anything to him about having an exemption list."

Plaintiff Tinsley was then recalled in rebuttal and testified that on the day he tendered the exemption list and writing called release to the said Ross, as referred to in his evidence in chief, Ross said to him "You are Charley Tinsley," and the answer was "Yes."

The attachment was returnable on the 24th day of June, 1905, at 1 P. M. and was served on the garnishee, the Nor-

folk & Western Railway Company, on the 17th day of June, 1905. The first summons was returned not executed on the defendant Tinsley and a second summons was issued and made returnable on the 24th day of July, 1905, on which day judgment was rendered for Hunt against Tinsley for $5, the amount sued for. It is not made to appear whether the garnishee ever answered or whether there was an adjudication upon the attachment, and the plaintiff failed to prove how many days, if indeed any at all, the money was held by virtue or by force of the process in the hands of the defendant Ross after the plaintiff delivered or tendered to the defendant Ross his exemption list. Plaintiff makes no proof of the time he settled with the garnishee when he says the garnishee deducted the money from his wages. The service on the garnishee was more than a month prior to the alleged tender of the exemption list, and release to be signed. This is an action for the enforcement of a penalty, and penal statutes are to be strictly construed. See *Reeves* v. *Ross*, decided at this term, where it is held, (Syl. points 4 and 5): "The penalty of five dollars a day, given against an officer, by said statute, for failure to release property which had been exempted, can be recovered for such time only as the officer withholds the property under process against the rightful claim of exemption." "The provision for enforcing a release of exempted property was designed by the legislature only to defeat live process in the hands of the officer, as to exempt property, and thereby vindicate a right of the debtor which he cannot enforce by the ordinary legal remedies, and, when the process has become *functus officio*, no longer protecting the officer in his possession, or the garnishee in his refusal to pay, since the debtor may invoke the ordinary legal remedies, against the officer or the garnishee for recovery of the property or debt, as the case may be, the penalty for failure to release ceases to accrue to him."

To recover the accumulated penalty of $5 per day the plaintiff must show how many days his money or property was kept impounded in the hands of the garnishee by reason alone of the process in the hands of the officer serving and holding the same, after the delivery to the officer of the exemption list and after it has become the duty of the officer to release the property. If one sues another for a given

number of days work he cannot maintain his action without specifying and proving the number of days for which he is entitled to recover. Can it be less so in this case where he sues to recover a penalty of five dollars per day without specifying and proving the number of days he is entitled to recover the penalty? By the service of the attachment on the garnishee plaintiff had the sum of five dollars of his money tied up, and, as it was proving an investment which gave him a return of one hundred per centum for each and every day, his voluntary act of closing it out by bringing his suit at the end of sixty days, instead of making it perpetual, was certainly one of unparallelled magnanimity. The proof as to the time or number of days the defendant was liable to the plaintiff for the penalty of $5 was not sufficient to sustain the verdict, therefore the judgment will be reversed and set aside and the Court proceeding to render such judgment as the circuit court should have rendered, the verdict of the jury is set aside and a new trial granted the defendants.

*Reversed.*