STATE *ex rel.* ARTHUR MITROS *et al. v.* S. V. MORRIS *et al.*

(No. 7211)

Submitted December 1, 1931.   Decided December 8, 1931

*Sherman H. Eary,* for petitioners.
*P. H. Murphy,* for respondents.

WOODS, JUDGE:

Arthur Mitros and Nick Pollos, tenants of one Samuel Bowen, having had a judgment rendered against them in an unlawful detainer action before H. B. Clay, a justice of Kanawha county, sitting for S. V. Morris, a justice of said· county, now seek, by prohibition, to prohibit the execution of a writ of possession and an execution for damages for the property's detention, on the grounds (1) that the justice had no jurisdiction over the matter in controversy; (2) that his judgment was conditional, and therefore void, and (3) that Code 1931, 50-1-14, does not authorize the appointment of a special constable to execute such writs.

The jurisdiction over the unlawful detainer action is attacked on the ground that some months prior thereto Bowen had proceeded by distress to collect certain accrued rent on the property now sought to be recovered. The warrant in that case was executed by a special constable, and a writ of error and supersedeas was awarded by this Court to a judgment of the circuit court refusing to prohibit a sale thereunder. As we see it, the right to collect rent by distraint has no bearing upon the right of the landlord to bring an action

for unlawful detainer. The justice having jurisdiction of the subject matter, whether or not he reached a proper judgment under the facts proven may be attacked only by writ of error, and not by prohibition. *McConiha* v. *Guthrie*, 21 W. Va. 135.

The docket, which is *prima facie* proof of the justice's action (Cunningham v. Lumber Co., 89 W. Va. 326), as well as the justice's affidavit, negative petitioner's allegation that the judgment was conditional. Hence, petitioner's second ground of attack in this case must fall.

This brings us to the question: Did the justice exceed his jurisdiction in addressing the writ of possession and the writ of execution to a special constable?

The powers of a justice are such only as are expressly conferred by statute. There is no presumption of jurisdiction. *Roberts* v. *Hickory Camp C. & C. Co.*, 58 W. Va. 276. In regard to the appointment of special constables, Code 1931, 50-1-14, provides that, "Whenever it shall satisfactorily appear to a justice issuing a summons, attachment or warrant of arrest in a civil action, or a warrant in a criminal proceeding, that a necessity exists therefor, he may appoint a special constable to execute the same." Section 15 of the same article and chapter makes the justice and his sureties liable for the acts of such special constables. No mention is made in the statute above quoted of "executions" or "writs of possession." The execution of the latter writ is one of the most delicate offices to be performed by an officer of the law. The statute does not purport to give jurisdiction to appoint special constables in all cases, so we cannot say that it authorizes such appointment in the present case. We must hold that the justice's authority in this regard is confined to the specific cases enumerated in the statute.

The appointment of the special constable being beyond the jurisdiction of the justice, so much of his action as appoints such special constable to execute the writ of possession, as well as the action of the special officer under such appointment, is without authority in law. As so limited, the writ will issue.

*Writ awarded.*