SARAH LOPINSKY *v.* PREFERRED REALTY COMPANY, *et al.*

(No. 7197)

Submitted February 9, 1932. Decided February 16, 1932.

554

*Strother, Sale, Curd & St. Clair,* for appellant.
*Crockett & Tucker,* for appellees.

Woods, Judge:

Sarah Lopinsky sought, by means of a judgment creditor's suit to prohibit the sale of the Preferred Realty Company's property (two city lots) under a certain deed of trust. She complains of the action of the chancellor in dissolving the temporary injunction and directing the trustee to make sale under the deed of trust and pay the proceeds thereof into court.

It appears that defendant realty company had executed a number of notes, which were secured by the deed of trust heretofore mentioned. After the McDowell County Bank, which held a number of the notes, had requested sale of the property under the deed of trust, and after the trustee had advertised the same for three weeks, plaintiff instituted an action before a justice of the peace of McDowell County against Preferred Realty Company, and secured judgment in the sum of $300.00. Execution was immediately issued and placed in the hands of a special constable, who, within fifteen minutes after the case had been called for hearing, made return "Sought and found no property of said Preferred Realty Company, a corporation, on which to levy." With this as a basis, plaintiff instituted the present suit. An answer was filed. Affidavits were offered in evidence by both sides relative to the allegations in the bill and answer. It appears from one of defendant's affidavits that the property will not bring sufficient to satisfy the notes, not to mention plaintiff's judgment. The several notes secured by said deed of trust and the judgment aforesaid constitute the entire indebtedness of the defendant realty company.

While this is primarily a judgment creditor's suit, yet plaintiff, in aid of her prayer for injunction, alleges, in addition to the usual averments, that she is the owner of over 50 per cent. of the outstanding notes secured by said deed of trust; that she is not in a position to bid on the property; and that, owing to the present business conditions, a sale of the property in question at the present time would be unconscionable.

Under the general law, the trustee is required to make sale of the property ''whenever required by any creditor or surety indemnified by the deed.'' Code 1931, 38-1-3. It is also clear, under our holdings, that a sale by a trustee cannot be enjoined by reason of depression. *Caperton* v. *Landcroft,* 3 W. Va. 540. In addition, the defendants, in support of the chancellor's action in dissolving the injunction, point out that the execution, upon which the creditor's suit is based, was void, because directed to and executed by a special constable. We have held that a return ''no property found'' is a prerequisite, under Code 1931, 38-3-9, to the bringing of such a suit. *Dunfee* v. *Childs,* 45 W. Va. 155, 30 S. E. 102; *Fletcher* v. *Parker,* 53 W. Va. 423, 44 S. E. 422. Under our holding in *State ex rel. Mitros* v. *Morris, Justice,* 111 W. Va. 347, 161 S. E. 576, a justice has no authority to appoint a special constable to execute such writs. Therefore, the execution in the instant case was void.

The decree is accordingly reversed and the bill and amended bill dismissed, with costs to the defendants, the parties substantially prevailing.

*Decree reversed; bills dismissed.*