ISAAC W. STUTLER *v.* ALVA E. CASEY, *et al.*

(No. 7428)

Submitted February 7, 1933.   Decided February 14, 1933.

336

*Guy H. Burnside* and *Anderson W. Hall*, for appellant.
*Harvey W. Harmer*, for appellee S. Orlando Davis.

LITZ, JUDGE:

This is an appeal from a decree dismissing a judgment creditor's suit on demurrer to the bill.

June 1, 1931, plaintiff, Isaac W. Stutler, obtained judgment against defendants, A. E. Casey, Laura Casey and Mary Riffee, before a justice of the peace for $129.01. Three days later, the justice issued execution on the judgment directed to a special constable who, on the same date, returned the writ indorsed "no property found subject to levy of this execution." June 11th, this suit was instituted against the judgment debtors and other lien creditors, including appellee, S. Orlando Davis, who held a vendor's lien on one of several parcels of real estate belonging to the common debtors; the bill alleging, as a basis of jurisdiction, the issuance and return of execution as aforesaid. On July 1st, following, Davis instituted an independent suit to enforce his lien. January 9, 1932, Davis demurred to the bill in this case, and Stutler moved to dismiss the Davis suit. The demurrer and motion to dismiss were overruled; the two cases brought on to be heard together; this case referred to a commissioner in chancery for ascertainment of the real estate, and liens thereon, belonging to the debtors; and further prosecution of the Davis suit stayed until the completion of the reference or further order of court. On March 1st, next, Davis moved to set aside the previous order and for leave to re-demur to the bill in this case on the ground that the special constable was not authorized by law to execute the *fieri facias,* and that his return thereon, of "no property found", was without legal effect as a compliance with chapter 38, article 3, section 9, Code 1931, providing that a judgment lien may be enforced in equity after an execution thereon has been duly returned to the office

of the court or to the justice from which it issued showing by the return thereon that no property could be found from which such execution could be made. The motion and leave being granted, the demurrer was filed and set down for argument, and the reference stayed until further order of the court. June 11, 1932, the court sustained the demurrer and dismissed the bill.

This appeal challenges the decisions in *State ex rel. Mitros* v. *Morris,* 111 W. Va. 347, 161 S. E. 576, and *Lopinsky* v. *Preferred Realty Co.,* 111 W. Va. 553, 163 S. E. 1, holding that a special constable is not authorized to execute a *fieri facias,* and that a return thereon by such an officer, of ''no property found''. will not justify the institution of suit under the statute, to enforce the judgment lien. It is charged that these rulings are erroneous in that they are based solely on chapter 50, article 1, section 14, Code 1931, and do not take into con-sideration section 3, article 3, or section 14, article 12 of said chapter, which plaintiff insists authorize special constables to execute writs of *fieri facias.*

The pertinent parts of the three sections in the order named follow:

(50-1-14) ''Whenever' it shall satisfactorily appear to a justice issuing a summons, attachment or warrant of arrest in a civil action, or a warrant in a criminal proceeding, that a necessity exists therefor, he may appoint a special constable to execute the same.''

(50-3-3) ''If the justice have jurisdiction of the action, any lawful process, order or notice therein, unless otherwise specifically provided, may be directed to any constable in the county where it is issued, or to any persons specifically deputed by the justice to serve or execute the same, as provided in section 14, article 1 of this chapter.''

(50-12-14) ''The execution or order of sale may be directed and executed as provided in section 3, article 3 of this chapter. When, for any cause, it is unfit for an execution or order of sale to be directed to a constable, it may be directed to the sheriff, deputy sheriff or sergeant of a town or village.''

It will be observed that the first named section authorizes a justice to appoint a special constable to serve only summonses, attachments or warrants of arrest in civil actions or

criminal proceedings, and then only when the necessity therefor satisfactorily appears. The justice may, under the second section, direct a lawful process, order or notice to special constables "as provided in" the first section. The authority therein conferred is thus limited to cases provided for in the first section. The third section, which deals specifically with an execution or order of sale, provides that the same may be directed and executed as provided in the second section which, as limited by the first section, authorizes the justice to appoint a special constable for the purpose only of executing a summons, attachment or warrant of arrest in a civil action or criminal proceeding. This interpretation is rendered even more certain by the further provision in section 3 that if for any cause "it is unfit for an execution or order of sale to be directed to a *constable*, it may be directed to the *sheriff*, *deputy sheriff* or *sergeant* of a town or village." If the legislature was intending to confer such authority upon a special constable, why was he not included in the list of officers specifically authorized to act in case of the disqualification of the constable? To sustain the position of the plaintiff, it would be necessary not only to ignore the clear provisions of the statute, but to hold that the legislature meant to confer upon the justice the power to displace the regularly elected constable (a constitutional officer) with a special constable in any case.

Plaintiff insists that the court should hold that the justice has such power because, forsooth, some judgment creditors' suits affecting land titles may have been brought upon returns of execution by special constables, and that an adherence to our former rulings, restricting the authority of special constables, would expose such proceedings to collateral attack at any time. This argument would not justify a court in disregarding a plain statute. Moreover, as the issuance and return of execution is a mere formal step in the judicial process, such fear is probably more fancied than real.

The decree of the circuit court is affirmed.

*Affirmed.*