STATE *ex rel.* SANDY KENDRICK *et al. v.* C. V. COTTLE *et al.*

(No. 7551)

Submitted October 10, 1933. Decided October 17, 1933.

*Brown W. Payne,* for plaintiffs in error.

*Ben H. Ashworth* and *D. G. Lilly, Jr.,* for defendants in error.

Woods, Judge:

This is an action in debt on the official bond of a justice of Raleigh County. It was instituted by a judgment debtor to recover damages and a penalty alleged to have accrued to him under Code 1931, 38-8-8, on account of an alleged failure of the special constable, who executed the order of suggestion, to release money received thereunder upon the presentation of an exemption list. Error is prosecuted to an order of the trial court sustaining a demurrer to the declaration and dismissing the case.

The declaration, after setting up the appointment of the special constable, and the liability of a justice and his sureties for the acts of such constable, avers, among other things, that a judgment was rendered against the plaintiff on March 20, 1931; that an order of suggestion was issued on April 16, 1931, returnable on April 28, 1931; that plaintiff herein appeared in person and by counsel, but that the party suggested did not appear, but by some means, not disclosed to the plaintiff herein, admitted liability to the said plaintiff on its part to the amount of $17.75; and paid said sum to the special constable; that on May 1, 1931, plaintiff prepared and executed a proper exemption list, or schedule, showing that he had less than $200.00 worth of property, including· said $17.75, and on the same day exhibited and filed the same with said special constable; that although repeatedly requested so to do, the special constable did not turn over said $17.75 to the judgment debtor until September 24, 1931, a period of 138 days after the same should have been released.

By the demurrer, defendants aver that the appointment was void, inasmuch as the justice had no authority to direct such a process to a special constable, and that therefore the usual

liability on the official bond would not attach; and further that the declaration failed to show affirmatively that the suggestion order under which the constable received the money was alive and valid during the entire period of 138 days.

May a justice, made liable on his bond for any neglect of duty, default or misconduct of his special constables (Code 1931, 50-1-15) defeat the very purpose of the statute (Code 1931, 38-8-8) by setting up want of authority to appoint special constables in such cases? *State ex rel. Mitros* v. *Morris et al.*, 111 W. Va. 347, 161 S. E. 576; *Stutler* v. *Casey et al.*, 113 W. Va. 335, 168 S. E. 371. If so, he could make it possible for so-called special constables to collect under order of suggestions, without any liability. And the judgment debtor would be left without recourse, except as against the special constable, who may be execution proof. The action of the justice, while clearly beyond his jurisdiction, was done under apparent scope of his authority, and was intended to be so. He will not be permitted to act deliberately under color of office, knowing that he has no such authority, and then escape liability because of the absence of such authority. He and his sureties will therefore not be permitted to rely on lack of authority on this demurrer.

In regard to the second ground of demurrer it will be noted that the declaration avers that the money was turned over by the party suggested, and into the hands of the special officer; in other words, that the money, by virtue of the suggestion, was placed beyond the immediate control of the judgment debtor, where such debtor declares it remained for a period of 138 days. But must the pleader show what became of the schedule which he turned over to the constable on May 1, 1931? The defendant would have him negative the fact that the schedule may have been questioned by the plaintiff in the original action, or that the same was promptly submitted to, or acted on, by the justice. Citing *Reeves* v. *Ross*, 62 W. Va. 9, 57 S. E. 284; and *Tinsley* v. *Ross*, 62 W. Va. 265, 57 S. E. 821.

Such matters we believe to be purely matters of defense. The failure of the constable to turn over the money after the presentation of the schedule, for a period of 138 days, although often requested to do so, is in effect an allegation

that such officer has not performed any of his respective duties in regard to the schedule that was filed by the debtor with him. If the officer has done anything that would mitigate the time of the penalty, such is a matter of defense.

We are of opinion that the judgment of the trial court must be reversed. We, therefore, set aside the judgment, overrule the demurrer to the declaration, and remand the case for trial.

*Reversed and remanded.*