294 S.E.2d 169

**STATE, which sues for the Use and Benefit of Murlena ALLISON**

v.

**George B. WARNER, et al.**

**No. 13797.**

Supreme Court of Appeals of West Virginia.

July 8, 1982.

Boettner, Campbell & Crane and Michael R. Crane, Charleston, for appellant.

HARSHBARGER, Justice:

A suggestee execution was filed against Murlena Allison on January 24, 1973 for $108.36. On February 12, garnishment of her wages began and her garnisheed wages were paid to defendant George Warner, justice of the peace, in satisfaction of her indebtedness. She filed exemption schedules with Warner's constable, authorized by W.Va.Code, 38–8–3, specifically listing her wages to be exempt, on March 8, and again on March 15, 1973, but her schedules were refused. The final debt repayment was made from Allison's wages on April 16.

Allison sued the justice, the constable and their surety company on April 5, 1973, pursuant to W.Va.Code, 38–8–8, to recover damages for their willful failure to release her wages and accept her duly verified exemption list. At the February 4, 1976 trial, the court tendered a verdict to the jury stating that if it believed Allison had attempted to file her exemption schedule with the constable and that he refused to accept it, it should assess $170.00 damages representing a $5.00 per day penalty from March 15, until April 16, 1973. The total fund wrongfully garnisheed was $18.00.

The jury found for Allison, but she appealed, contending the trial court erred in determining the number of days for which a penalty was due. She argued that penalties should accrue from the date her exemption schedule was wrongfully refused until the date of the circuit court jury verdict in 1976.

Our Legislature has provided specific penalties for officers who fail to properly deal with exempt personal property.

W.Va.Code, 38–8–8. Forfeiture by officer selling or refusing to release exempt property.

... And any officer failing to release any money or property in his control which shall have been exempted, or failing to deliver the same if in his possession, to the debtor, his agent, attorney or spouse, upon request, shall forfeit to the debtor five dollars for each day such failure may continue, which forfeiture may be recovered from the officer and

his sureties in an action upon his official bond in any court having jurisdiction. In an action on such bond or on an indemnifying bond taken by such officer, defense may be made on the ground that the debtor was not entitled to exemption as stated in the affidavit accompanying his list.

■ An officer is liable for a $5.00 per day penalty for every day he fails to "release any money or property in his control which shall have been exempted." Our case law on this section is clear. In *State ex rel. Reeves v. Ross*, 62 W.Va. 7, 57 S.E. 284 (1907), the court explained that the $5.00 statutory penalty ceases to run when there is no longer any live process in the hands of the officer. *See also State ex rel. Tinsley v. Ross*, 62 W.Va. 265, 57 S.E. 821 (1907); *State ex rel. Sabatino v. Richards*, 127 W.Va. 703, 34 S.E.2d 271, 274 (1945); *State ex rel. Kendrick v. Cottle*, 114 W.Va. 205, 171 S.E. 425 (1933). When the garnishment ceases, the officer's duty to accept the exemption and release said property from garnishment also ends. We stated in Syllabus Points 4 and 5 of *State ex rel. Reeves v. Ross, supra*:

4. The penalty of $5 a day, given against an officer by said statute for failure to release property which has been exempted, can be recovered for such time only as the officer withholds the property under process against the rightful claim of exemption.

5. The provision for enforcing a release of exempted property was designed by the Legislature only to defeat live process in the hands of the officer, as to exempt property, and thereby vindicate a right of the debtor which he cannot enforce by the ordinary legal remedies, and, when the process has become functus officio, no longer protecting the officer in his possession, or the garnishee in his refusal to pay, since the debtor may invoke the ordinary legal remedies against the officer or the garnishee for recovery of the property or debt, as the case may be, the penalty for failure to release ceases to accrue to him.

Judge Poffenbarger explained that Chapter 38, Article 8 is the sole means for a debtor to exempt property from garnishment. It is a statutorily-created, exclusive remedy. While debtor's property is subject to garnishment, there is no other way to protect his property from levy or have his wrongfully held property returned. "When that process has run its course, and has become *functus officio*,* it no longer bars the ordinary remedies for the recovery of the property, and the special remedy devised by the Legislature to defeat court process is no longer needed." *Id.*, 57 S.E. at 287.

■ The trial court properly ruled that Allison was entitled to $5.00 penalty for each day from the date her exemption schedule was wrongfully not accepted by the constable, until the cessation of the garnishment. The penalty was erroneously calculated and should be assessed from March 8 until April 16.

Affirmed as modified.

---

* *Functus officio* means "a task performed". Black's Law Dictionary, 5th Edition, 1979.